**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| NEURAL AI, LLC,<br><br>Petitioner,<br><br>v.<br><br>GOOGLE, LLC,<br><br>Respondent. | Misc. Case No. 7:26-mc-324<br><br>Principal case pending in Western District of Texas, Civil Action No. 7:24-cv-00221-LS-DTG |

**DECLARATION OF TANNER LAICHE IN SUPPORT OF NEURAL AI'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA SERVED ON THIRD-PARTY GOOGLE, LLC**

I, Tanner Laiche, declare as follows:

1. I am an attorney duly licensed to practice in the States of California and Washington and am admitted to the Western District of Texas. I am an associate at the law firm of Susman Godfrey LLP, and am a counsel of record for Petitioner Neural AI, LLC ("NAI") in the above-captioned matter. I make this declaration in support of NAI's Motion to Compel Compliance with Subpoena Served on Third-Party Google, LLC ("Google"). Unless otherwise stated, I have personal knowledge of the facts set forth herein and could competently testify thereto.

2. Attached hereto as **Exhibit 1** is a true and correct copy of NAI's First Amended Complaint for Patent Infringement filed in the Underlying Action on December 12, 2024.

3. Attached hereto as **Exhibit 2** is a true and correct copy of U.S. Patent No. 8,648,867, entitled "Graphic Processor Based Accelerator System and Method."

4. Attached hereto as **Exhibit 3** is a true and correct copy of Reissue Patent No. RE48,438, entitled "Graphic Processor Based Accelerator System and Method."

5. Attached hereto as **Exhibit 4** is a true and correct copy of Reissue Patent No. RE49,461, entitled "Graphic Processor Based Accelerator System and Method."

6. Attached hereto as **Exhibit 5** is a true and correct copy of NAI's Subpoenas to Produce Documents and to Testify at a Deposition served on Google, LLC, served on June 25, 2026, including the accompanying definitions, instructions, requests for production, and deposition topics.

7. Attached hereto as **Exhibit 6** is a true and correct copy of the Affidavit of Service confirming service of the subpoenas on Google's registered agent on June 25, 2026.

8. Attached hereto as **Exhibit 7** is a true and correct copy of NAI's January 20, 2026 Final Infringement Contentions Cover Page filed in the Underlying Action.

9. Attached hereto as **Exhibit 8** is a true and correct copy of NVIDIA's Amended Answer to NAI's Amended Complaint, filed on November 25, 2025, as docketed at Dkt. 130 in the Underlying Action (public, redacted version).

10. Attached hereto as **Exhibit 9** is a true and correct copy of Nonparty Google LLC's Objections and Responses to Neural AI, LLC's Subpoena to Produce Documents, Information, or Objects, dated July 21, 2026.

11. Attached hereto as **Exhibit 10** is a true and correct copy of Responses and Objections of Nonparty Google LLC to Subpoena to Testify at a Deposition in a Civil Action, dated July 21, 2026.

12. Attached hereto as **Exhibit 11** is a true and correct copy of the email correspondence between counsel for NAI and counsel for Google regarding the extension of time for Google to serve its responses and objections.

13. Attached hereto as **Exhibit 12** is a true and correct copy of the meet-and-confer

correspondence between counsel for NAI and counsel for Google.

14. Attached hereto as **Exhibit 13** is a true and correct copy of NAI's Third-Party Questions provided to Google on August 4, 2026.

15. Attached hereto as **Exhibit 14** is a true and correct copy of NAI's Draft Third-Party Declaration provided to Google on August 4, 2026.

16. Attached hereto as **Exhibit 15** is a true and correct copy of an NVIDIA Blog post titled "NVIDIA and Google Cloud Collaborate to Advance Agentic and Physical AI," dated April 22, 2026, printed from https://blogs.nvidia.com. I obtained this document from NVIDIA's publicly accessible website on August 17, 2026.

17. Attached hereto as **Exhibit 16** is a true and correct copy of the NVIDIA Solutions on Google Cloud webpage, printed from https://cloud.google.com. I obtained this document from Google Cloud's publicly accessible website on August 17, 2026.

18. Attached hereto as **Exhibit 17** is a true and correct copy of the Google Careers – Austin webpage, printed from https://careers.google.com. I obtained this document from Google's publicly accessible website on August 17, 2026.

19. Attached hereto as **Exhibit 18** is a true and correct copy of a Google blog post titled "Coming soon to the Lone Star State: more office space and a data center," dated June 14, 2019, printed from https://blog.google. I obtained this document from Google's publicly accessible website on August 17, 2026.

20. Attached hereto as **Exhibit 19** is a true and correct copy of the Google Office Locations webpage listing Austin, Texas among Google's office locations, printed from https://about.google. I obtained this document from Google's publicly accessible website on August 17, 2026.

21. Attached hereto as **Exhibit 20** is a true and correct copy of the meet-and-confer correspondence between counsel for NAI and counsel for Google from August 5, 2026 through August 18, 2026.

22. Attached hereto as **Exhibit 21** is a true and correct copy of NAI's revised Draft Third-Party Declaration provided to Google on August 18, 2026.

23. The Underlying Action—*Neural AI, LLC v. NVIDIA Corporation*, Case No. 7:24-cv-00221-LS-DTG (W.D. Tex.)—is a patent infringement action in which NAI alleges that NVIDIA Corporation's ("NVIDIA") GPU-accelerated computing hardware and software infringe U.S. Patent No. 8,648,867 (the "'867 Patent"), Reissue Patent No. RE48,438 (the "'438 Patent"), and Reissue Patent No. RE49,461 (the "'461 Patent") (collectively, the "Asserted Patents").

24. Throughout discovery in the above-captioned action, NVIDIA has taken the position that NAI must obtain evidence from NVIDIA's customers and end users to prove how the accused products are actually deployed and configured. During a sealed discovery conference on September 8, 2025, NVIDIA's counsel represented to the Court that it only provides tools for end-user companies to build their own AI applications on NVIDIA hardware and that if NAI wanted to learn how the accused software was deployed in real-world systems, NAI would need to seek that information directly from NVIDIA's customers and end users.

25. Throughout discovery NVIDIA has also disclaimed knowledge concerning how its customers, partners, and end users ultimately deploy, configure, and operate NVIDIA hardware and software. NAI accordingly turned to third-party discovery, including subpoenas to Google, to obtain the evidence NVIDIA contends NAI must have.

26. As of the date of this declaration, Google has not: (a) identified any specific document requests to which it will respond; (b) agreed to produce any responsive documents;

(c) answered NAI's technical questions; (d) proposed any revisions to the draft declaration; (e) designated a witness for deposition; or (f) committed to any date by which it will do any of the foregoing.

27. Document discovery in the Underlying Action closed on August 11, 2026. Defendant NVIDIA in the underlying action stipulated to extend the deadline for third-party motions to compel to August 18, 2026. Deposition discovery closes on September 16, 2026.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 18, 2026, in Seattle, Washington.

Tanner Laiche