# EXHIBIT

# 9

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| NEURAL AI, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NVIDIA CORPORATION,<br><br>Defendant. | Civil Action No. 7:24-cv-00221-ADA-DTG |

**NONPARTY GOOGLE LLC'S OBJECTIONS AND RESPONSES TO NEURAL AI, LLC'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**

Pursuant to Federal Rules of Civil Procedure 26 and 45, non-party Google LLC ("Google") hereby submits its Objections and Responses to the Subpoena to Produce Documents, Information, or Objects (the "Subpoena") served by Plaintiff Neural AI, LLC ("NAI") on or about June 24, 2026, in connection with the above-captioned action. Google makes these Objections and Responses based on its current knowledge, information, and belief following a reasonable inquiry. Google reserves the right to supplement or amend these Objections and Responses as additional information becomes available.

**PRELIMINARY STATEMENT**

Google responds to the Subpoena subject to the accompanying objections. Google is a non-party to this matter, is not involved in the underlying dispute, and has not otherwise engaged in discovery with the parties. All of the responses contained herein, therefore, are based only upon such limited information and documents as are presently available to and specifically known to Google. The following responses are given without prejudice to Google's right to produce any

subsequently discovered information or facts that Google may discover. Google, accordingly, reserves the right to change any and all responses herein if additional facts are ascertained, analyses are made, research is completed, or contentions are made.

## GENERAL OBJECTIONS

The following General Objections apply to and are incorporated by reference into each of the specific responses and objections set forth below, as if fully set forth therein. Google's assertion of any specific objection in response to a particular Request does not waive any General Objection. Google reserves the right to supplement, amend, or correct these responses and objections as additional information becomes available.

1. **Obligations in Excess of Federal Rules**. Google objects to the Subpoena's definitions and instructions to the extent they purport to impose obligations on Google in excess of any applicable federal or state codes of civil procedure, rules of evidence, or any other applicable law.

2. **Improper place of compliance**. Google objects to this Subpoena to the extent the place of compliance—Planet Depos, Downtown Austin, 100 Congress Ave., Ste. 2000, Austin, TX 78701—does not satisfy Rule 45(c)(2)(A) of the Federal Rules of Civil Procedure. Rule 45 permits production "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." The relevant inquiry under Rule 45 is not simply whether Google has some business presence anywhere within 100 miles of the specified location, but whether the custodians of records whose files would be responsive to the Subpoena reside, are employed, or regularly transact business in person within 100 miles of the designated compliance location. Google's principal place of business is in Mountain View, California, and the employees most knowledgeable about and in possession of documents responsive to the Requests would be located

in or near Google's headquarters, not in Austin, Texas. Notwithstanding this objection, and without waiving it, Google responds as set forth below to preserve a cooperative record.

3. **Undue Burden on a Non-Party**. Google objects to the Subpoena on the grounds that it seeks to impose an undue burden on Google, which is not a party to the underlying action. Google further objects to the Subpoena to the extent it seeks documents or information that is in the possession, custody, or control of a party to the underlying action, such as NVIDIA Corporation, or equally available from another source (including public sources) that is more convenient, less burdensome, or less expensive than requiring Google to produce such documents or information. As a disinterested non-party, Google should not be subjected to the burden of searching for and producing such documents or information unless and until all reasonable means of obtaining that information directly from such other sources have been exhausted.

4. **Unreasonable Search**. Google objects to the Subpoena to the extent it purports to require Google to perform anything more than a reasonable and diligent search for documents (including electronic documents) from reasonably accessible sources (including electronic sources)

5. **Overbreadth and Lack of Proportionality**. Google objects to the Subpoena to the extent it seeks documents or information that are not proportionate to the needs of the case or not relevant to any party's claims or defenses. Moreover, because neither a copy of the underlying complaint nor a description of the underlying claims at issue accompanied the Subpoena, Google is unable to discern whether the documents or information sought by the Subpoena are discoverable, and what its obligations are, if any, to respond to the Subpoena. Google objects to each Request to the extent it is overly broad, seeks information that is not relevant to the claims or defenses in the underlying action, and is not proportional to the needs of the case as required by Fed. R. Civ. P. 26(b)(1). Google also objects to the Requests as overly broad and unduly burdensome to the extent

they seek "All Documents" or "All Communications" with respect to a subject because such omnibus requests seek discovery that is not relevant to a party's claim or defense and are not proportional to the needs of the case.

6. **Vague, Overbreadth, and Lack of Proportionality.** Google objects to the definition of "NVIDIA GPUs," which alone spans three full pages and encompasses hundreds of GPU architectures and hundreds of individual GPU products. Requests defined in terms of this expansive definition—and further qualified by omnibus definitions equating "or" with "and" and "any" with "all"—are facially overbroad. Google objects to the definition of "NVIDIA GPU" as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it includes over 240 different devices in addition to "any and all variations of the aforementioned products (including at least products having different options for number of GPUs." Google also objects to this definition as unduly burdensome and disproportionate to the needs of the case to the extent it purports to require Google to determine what specific products fall within plaintiff's definition. Google will not attempt to interpret this term. Google objects to this definition to the extent it requires an expert or legal opinion. Google also objects to Instruction No. 23, which uses the terms "NVIDIA GPU-Acceleration Hardware" and "NVIDIA GPU-Acceleration Software," but nowhere are those terms defined, and hence they are vague, overbroad, and unduly burdensome. Google will not attempt to interpret these terms.

Google also objects to the definition of "Source Code" as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case. The definition purports to encompass not only human-readable programming instructions but also "all comments, annotations, declarations, functions, classes, and other components used to define the behavior of a software program," "all associated files necessary to understand, compile, and execute the code, such as

scripts, header files, makefiles, configuration files, and documentation," as well as "all versions and revisions relevant to the time periods and subject matter described in each interrogatory." As defined, "Source Code" effectively sweeps in Google's entire software development history for any system touching NVIDIA GPUs. Google also objects that "necessary to understand" is vague and ambiguous and subjective. Google further objects to this definition to the extent it seeks Source Code that constitutes Google's most sensitive trade secret and proprietary information. Compelling a non-party to produce source code is an extraordinary measure that requires, at minimum, a showing of substantial need that NAI has not made. Such production would also require entry of a protective order providing source code-level protections—which has not been established. Google will not produce Source Code, as defined, absent such a showing and such protections. To the extent any specific Request incorporates this definition, Google objects to that Request on these same grounds.

Google also objects to the definitions of "concerning," "related to," and "regarding" encompass over a dozen different verbs in a deliberately all-inclusive formulation that renders virtually any document potentially responsive to any Request. Google will interpret each Request reasonably and in good faith. Google also objects to the definition of "You" or "Your" as overbroad, unduly burdensome, and disproportionate to the needs of the case. As defined, the terms purport to encompass not only Google LLC itself but also its predecessors, successors, parents, subsidiaries, divisions, affiliates, and all past or present directors, officers, partners, managers, employees, contractors, agents, representatives, accountants, consultants, in-house and outside counsel, and any other person or entity acting or purporting to act on its behalf or subject to its control. The definition further expressly extends to any Google parent, subsidiary, affiliate, or other related entity that has "used, licensed, deployed, evaluated, or integrated NVIDIA GPUs or software." As defined, "You"

and "Your" would require Google to conduct an unduly burdensome undertaking to determine who may fit into this definition, and then search for and produce documents from those source, including those not within Google LLC's own possession, custody, or control, and to undertake an investigation spanning entities and individuals that are legally distinct from Google LLC and over whose documents and information Google LLC may have no authority to collect or produce. Google further objects to this definition to the extent it purports to impose discovery obligations on Google's in-house and outside counsel, whose documents and communications are protected by the attorney-client privilege and work product doctrine. Google further objects to the catch-all phrase "any other person or entity acting or purporting to act on its behalf or subject to its control" as vague, undefined, and potentially limitless in scope. Google will interpret "You" and "Your" to refer solely to Google LLC, and will respond to the Requests based on a reasonable search of Google LLC's own files, consistent with its obligations under Federal Rule of Civil Procedure 45.

7. **Confidential and Proprietary Information**. Google objects to the Subpoena to the extent it seeks confidential financial, proprietary or trade secret information belonging to Google or a third party, or any other information subject to a confidentiality agreement, protective order or legal duty of non-disclosure ("Confidential Information"). Google will only produce information it deems confidential pursuant to a confidentiality agreement or protective order that it believes is suitable for the protection of its Confidential Information. Even if an adequate protective order has been entered in the underlying action by the presiding court, Google will only provide Confidential Information to the extent Google can do so consistent with its legal, contractual and other confidentiality obligations. Google reserves the right to redact Confidential Information belonging to Google or third parties, as well as information concerning irrelevant matters.

8. **Electronically Stored Information Burden**. Google objects to the extent the

Requests seek source code or the equivalent of a full source code review. Producing source code or conducting the equivalent investigation is extraordinarily burdensome even for a party, let alone a non-party. The Court's own Standing Order Governing Proceedings (OGP) in Patent Cases states that "the Court will not require general search and production of email or other electronically stored information (ESI) related to email (such as metadata), absent a showing of good cause." The same proportionality principles apply here. *See* Standing Order Governing Proceedings (OGP) 4.4-Patent Cases, p. 3.

9. **Email and Communications**. Google specifically objects to any Request that requires the collection, review, and production of emails or other internal communications as facially overbroad and unduly burdensome on a non-party.

10. **Privilege**. Google objects to the Subpoena to the extent it seeks information protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. Any disclosure of privileged information by Google in response to the Subpoena shall not be deemed a waiver of any such privilege, and Google expressly requests that any party that receives any such privileged information produced by Google immediately return and do not make use of any produced privileged information.

11. **Relevance to Underlying Claims**. Google objects to each Request to the extent it lacks a demonstrated nexus to the patents-in-suit or to any specific claim of direct, indirect, or induced infringement by NVIDIA. Google's internal use of any products has no necessary bearing on whether NVIDIA's products infringe NAI's patents. Mere customer status does not render a non-party's internal documents, communications, or financial information relevant to a patent infringement suit against the manufacturer.

12. **Temporal and Geographic Scope**. Google objects to the temporal scope of September 13, 2018 to the present to the extent it encompasses time periods or activities not relevant to the specific claims and accused products at issue. Google also objects to the Subpoena's purported reach over non-U.S. activity "that directly supports or enables U.S. operations" (*see, e.g.*, Instruction No. 23) as vague, overbroad, and potentially reaching activity entirely outside the Court's jurisdiction.

13. **Date and Time of Compliance.** Google objects to the date and time set for compliance as unreasonable, inconvenient, and unduly burdensome. The date and time were selected unilaterally by NAI without consulting Google or its counsel regarding availability, and without making any effort to identify a mutually agreeable time and place for compliance. Google further objects that the time provided for compliance is insufficient to permit Google to conduct a reasonable and diligent investigation across its organization, identify potentially responsive documents and information, and review those materials for privilege and confidentiality. This is particularly true given the breadth and technical complexity of the Requests, which, as set forth in Google's specific objections below, implicate highly sensitive and technically complex aspects of Google's computing infrastructure. To the extent Google produces documents or a witness in response to the Subpoenas, it will do so at a mutually agreeable date, time, and place to be negotiated with NAI's counsel following the parties' meet and confer.

14. Google reserves the right to assert additional objections, or to supplement its objections and responses as appropriate, particularly if any additional information regarding the Subpoena or the underlying claims at issue is provided.

## <u>SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION</u>

**REQUEST NO. 1:**

Documents sufficient to identify all software, frameworks, libraries, APIs, scripts, Source Code, configuration files, and custom code You use to perform computations on NVIDIA GPUs.

**RESPONSE TO REQUEST NO. 1:**

In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope—especially for a nonparty—as it seeks an exhaustive catalog of every piece of software, framework, library, API, script, source code, configuration file, and custom code that Google purportedly uses with NVIDIA GPUs; (2) it seeks information that is not within Google's possession, custody or control; (3) it seeks electronically stored information that is not reasonably accessible by Google without undue burden and/or cost; (4) it calls for information that Google is not capable of producing (or not reasonably able to produce); (5) lacks relevance, including but not limited to because this Request lacks a demonstrated nexus to the specific patents-in-suit and the specific accused NVIDIA products and software combinations; (6) it seeks information that is highly confidential, proprietary, that contains trade secrets, that contains personally identifiable information, and/or is subject to a confidentiality agreement or protective order; (7) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses; (8) it uses overbroad, vague and ambiguous terms and phrases in the request, including, but not limited to "You" and "Source Code" (see Objection 6 above), "frameworks," "libraries," "APIs," "scripts," "configuration files," "custom code," without providing additional identifying or clarifying information to explain exactly what is sought; (9) it is improper because it is an interrogatory disguised as a document request; (10) given the definition of NVIDIA GPUs, this

request amounts to over 240 requests and thus is overbroad, unduly burdensome, and not proportional. Google further objects to this request as unduly burdensome to the extent it seeks documents that are over seven years old. Such documents, to the extent they exist, may reside in difficult-to-access sources. Google is not able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost. Google further objects to this request to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable protection.

Accordingly, Google will not produce documents in response to this request as currently presented. Google is willing to meet and confer regarding this request.

**REQUEST NO. 2:**

Documents sufficient to show whether You use NVIDIA's Aerial, Clara Parabricks, cuBLAS, cuDNN, cuFFT, cuQuantum, cuSOLVER, cuSPARSE, Drive, DriveWorks, Holoscan, Isaac, Isaac Lab, Maxine, Memory Map, Merlin, Metropolis, Modulus, Monai, Morpheus, NeMo, PyTorch, RAPIDS, Riva, Runtime Driver, TensorFlow, TensorRT, Triton, VSS (Deepstream), or any other NVIDIA software as part of computations You perform using NVIDIA GPUs.

**RESPONSE TO REQUEST NO. 2:**

In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope—especially for a nonparty—as it seeks information about over twenty named NVIDIA software products, plus a catch-all for "any other NVIDIA software," with no limitation as to the software operation that is relevant; (2) it seeks information that is not within Google's possession,

custody or control; (3) it seeks electronically stored information that is not reasonably accessible by Google without undue burden and/or cost; (4) it calls for information that Google is not capable of producing (or not reasonably able to produce); (5) lacks relevance, including but not limited to because this Request lacks a demonstrated nexus to the specific patents-in-suit and the specific accused NVIDIA products and software; (6) it seeks information that is highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (7) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses; (8) it uses overbroad, vague and ambiguous terms and phrases in the request, including, but not limited to "You" (see Objection 6 above), "other NVIDIA software," "computations You perform using NVIDIA GPUs," without providing additional identifying or clarifying information to explain exactly what is sought; (9) it is improper because it is an interrogatory disguised as a document request; (10) given the definition of NVIDIA GPUs, this request amounts to over 240 requests and thus is overbroad, unduly burdensome, and not proportional. Google further objects to this request to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable protection. Google further objects to this request as unduly burdensome to the extent it seeks documents that are over seven years old. Such documents, to the extent they exist, may reside in difficult-to-access sources. Google is not able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Accordingly, Google will not produce documents in response to this request as currently presented. Google is willing to meet and confer regarding this request.

**REQUEST NO. 3:**

Documents sufficient to show whether You use sample Source Code provided by NVIDIA as part of computations You perform using NVIDIA GPUs.

**RESPONSE TO REQUEST NO. 3:**

In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope, especially for a nonparty; (2) it is vague and ambiguous as to the phrases "You" and "Source Code" (see Objection 6 above), "sample Source Code provided by NVIDIA"; (3) it seeks information that is not within Google's possession, custody or control; (4) it seeks electronically stored information that is not reasonably accessible by Google without undue burden and/or cost; (5) it calls for information that Google is not capable of producing (or not reasonably able to produce); (6) it seeks information already in the possession of a party to the litigation; (7) it seeks information that is highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (8) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses; (9) lacks relevance, including but not limited to because this Request lacks a demonstrated nexus to the specific patents-in-suit and the specific accused NVIDIA products and software; (10) it uses overbroad, vague and ambiguous terms and phrases in the request, including, but not limited to "computations You perform using NVIDIA GPUs" without providing additional identifying or clarifying information to explain exactly what is sought; (11) it is improper because it is an interrogatory disguised as a document request; (12) given the definition of NVIDIA GPUs, this request amounts to over 240 requests and thus is overbroad, unduly burdensome, and not proportional. Google further objects to this request to the extent that it seeks information protected by the attorney-client privilege,

attorney work product doctrine, or any other applicable protection. Google further objects to this request as unduly burdensome to the extent it seeks documents that are over seven years old. Such documents, to the extent they exist, may reside in difficult-to-access sources. Google is not able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Accordingly, Google will not produce documents in response to this request as currently presented. Google is willing to meet and confer regarding this request.

**REQUEST NO. 4:**

Documents sufficient to show whether and how any software You use to perform computations on NVIDIA GPUs calls, invokes, interfaces with, wraps, depends on, sits on top of, modifies, extends, or implements functionality provided by CUDA, cuDNN, TensorRT, CUDA libraries, CUDA drivers, CUDA runtime, CUDA applications or frameworks or any other NVIDIA software.

**RESPONSE TO REQUEST NO. 4:**

In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope—especially for a nonparty—with its string of alternative verbs (calls, invokes, interfaces with, wraps, depends on, sits on top of, modifies, extends, implements) and catchall request for "any other NVIDIA software effectively asking Google to produce a comprehensive technical map of how all of its software that runs on NVIDIA hardware interacts with NVIDIA's software stack; (2) it is vague and ambiguous as to the phrases "You" (see Objection 6 above), "calls, invokes,

interfaces with, wraps, depends on, sits on top of, modifies, extends, or implements functionality provided by”; (3) it seeks information that is not within Google’s possession, custody or control; (4) it seeks electronically stored information that is not reasonably accessible by Google without undue burden and/or cost; (5) it calls for information that Google is not capable of producing (or not reasonably able to produce); (6) it seeks information already in the possession of a party to the litigation; (7) it seeks information that is highly confidential, proprietary, that contains trade secrets, that contains personally identifiable information, and/or is subject to a confidentiality agreement or protective order; (8) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses; (9) it lacks relevance, including but not limited to because this Request lacks a demonstrated nexus to the specific patents-in-suit and the specific accused NVIDIA products and software; (10) it uses overbroad, vague and ambiguous terms and phrases in the request, including, but not limited to “how any software You use to perform computations on NVIDIA GPUs,” “calls,” “invokes,” “interfaces with,” “wraps,” “depends on,” “sits on top of,” “modifies,” “extends,” or “implements functionality provided by CUDA, cuDNN, TensorRT, CUDA libraries, CUDA drivers, CUDA runtime, CUDA applications,” “frameworks,” “or any other NVIDIA software,” without providing additional identifying or clarifying information to explain exactly what is sought; (11) it is improper because it is an interrogatory disguised as a document request; (12) given the definition of NVIDIA GPUs, this request amounts to over 240 requests and thus is overbroad, unduly burdensome, and not proportional. Google further objects to this request to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable protection. Google further objects to this request as unduly burdensome to the extent it seeks documents that are over seven years old. Such documents, to the extent they exist, may reside in difficult-to-access sources. Google is not able to retrieve information

from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Accordingly, Google will not produce documents in response to this request as currently presented. Google is willing to meet and confer regarding this request.

**REQUEST NO. 5:**

Documents sufficient to show the architecture, design, data flow, control flow, and execution flow of any system in which You use NVIDIA GPUs to perform computations, including diagrams, technical specifications, design documents, Powerpoints, slide decks, internal and external presentations, Source Code, configuration files, build files, deployment files, runtime logs, and profiler traces.

**RESPONSE TO REQUEST NO. 5:**

In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope—especially for a nonparty—with its request for an overbroad category of technical information for "architecture, design, data flow, control flow, and execution flow of any system in which You use NVIDIA GPUs to perform computations" and documents encompassing "diagrams, technical specifications, design documents, Powerpoints, slide decks, internal and external presentations, Source Code, configuration files, build files, deployment files, runtime logs, and profiler traces"; (2) it is vague and ambiguous as to the phrases "You" (see Objection 6 above), "perform computations"; (3) it seeks information that is not within Google's possession, custody or control; (4) it seeks electronically stored information that is not reasonably accessible by Google without undue burden and/or cost; (5) it calls for information that Google is not capable of producing

(or not reasonably able to produce); (6) it seeks information already in the possession of a party to the litigation; (7) it seeks information that is highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (8) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses, as it seeks information about Google's systems that use NVIDIA GPUs, not limited to the accused functionality of the NVIDIA GPUs relevant to the underlying action and for which NAI cannot obtain from NVIDIA itself; (9) it lacks relevance, including but not limited to because this Request lacks a demonstrated nexus to the specific patents-in-suit and the specific accused NVIDIA products and software; (10) it uses overbroad, vague and ambiguous terms and phrases in the request, including, but not limited to "architecture," "design," "data flow," "control flow," "execution flow," "any system in which You use NVIDIA GPUs to perform computations," "configuration files," "build files," "deployment files," "runtime logs," and "profiler traces" without providing additional identifying or clarifying information to explain exactly what is sought; (11) it is improper because it is an interrogatory disguised as a document request; (12) given the definition of NVIDIA GPUs, this request amounts to over 240 requests and thus is overbroad, unduly burdensome, and not proportional. Google further objects to this request to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable protection. Google further objects to this request as unduly burdensome to the extent it seeks documents that are over seven years old. Such documents, to the extent they exist, may reside in difficult-to-access sources. Google is not able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Accordingly, Google will not produce documents in response to this request as currently

presented. Google is willing to meet and confer regarding this request.

**REQUEST NO. 6:**

Documents sufficient to show whether computations You performed using NVIDIA GPUs involved artificial neural networks, neural-network computational layers or computations with outputs as inputs for other neurons or layers.

**RESPONSE TO REQUEST NO. 6:**

In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad and vague as it is not reasonably limited or discernible in scope—especially for a nonparty—with its request for "computations You performed using NVIDIA GPUs" involving "artificial neural networks, neural-network computational layers or computations with outputs as inputs for other neurons or layers"; (2) it is vague and ambiguous as to the phrases "You" (see Objection 6 above), "involved artificial neural networks, neural-network computational layers or computations with outputs as inputs for other neurons or layers"; (3) it seeks information that is not within Google's possession, custody or control; (4) it seeks electronically stored information that is not reasonably accessible by Google without undue burden and/or cost; (5) it calls for information that Google is not capable of producing (or not reasonably able to produce); (6) it seeks information already in the possession of a party to the litigation; (7) it seeks information that is highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (8) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses; (9) it lacks relevance, including but not limited to because this Request lacks a demonstrated nexus to the specific patents-in-suit and the specific accused NVIDIA products and software; (10) it uses

overbroad, vague and ambiguous terms and phrases in the request, including, but not limited to "whether computations You performed using NVIDIA GPUs involved," "artificial neural networks," "neural-network computational layers," "computations with outputs as inputs for other neurons or layers" without providing additional identifying or clarifying information to explain exactly what is sought; (11) it is improper because it is an interrogatory disguised as a document request; (12) given the definition of NVIDIA GPUs, this request amounts to over 240 requests and thus is overbroad, unduly burdensome, and not proportional. Google further objects to this request to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable protection. Google further objects to this request as unduly burdensome to the extent it seeks documents that are over seven years old. Such documents, to the extent they exist, may reside in difficult-to-access sources. Google is not able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Accordingly, Google will not produce documents in response to this request as currently presented. Google is willing to meet and confer regarding this request.

**REQUEST NO. 7:**

Documents sufficient to show whether You use a pointer to data stored in memory (e.g. memory bank or partition), using as an input to a subsequent computational layer the pointer to output data from a GPU computation, using pointers in neural network computations, swapping an input pointer with the pointer to data output from a GPU computation, pointer swapping, pointer rotation, buffer swapping, ping-pong buffers, double or triple buffering, alternating input/output buffers, or any other technique in which output data from one computation, layer, iteration, time step, or cycle becomes input data for a later computation, layer, iteration, time step, or cycle.

**RESPONSE TO REQUEST NO. 7:**

In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad and vague as it is not reasonably limited or discernible in scope—especially for a nonparty—with its request enumerating a long list of memory management techniques—pointer swapping, buffer swapping, ping-pong buffers, double or triple buffering, and others—and then adding a catch-all for "any other technique" by which GPU output becomes input to a later computation, a catch-all is so broad that it would encompass virtually any iterative GPU computation, and would require Google to review and analyze the entirety of its source code repositories spanning the breadth of Google's computing infrastructure and product portfolio for responsive information; (2) it is vague and ambiguous as to the phrases "You" (see Objection 6 above), "use a pointer to data stored in memory (e.g. memory bank or partition), using as an input to a subsequent computational layer the pointer to output data from a GPU computation, using pointers in neural network computations, swapping an input pointer with the pointer to data output from a GPU computation, pointer swapping, pointer rotation, buffer swapping, ping-pong buffers, double or triple buffering, alternating input/output buffers, or any other technique in which output data from one computation, layer, iteration, time step, or cycle becomes input data for a later computation, layer, iteration, time step, or cycle"; (3) it seeks information that is not within Google's possession, custody or control; (4) it seeks electronically stored information that is not reasonably accessible by Google without undue burden and/or cost; (5) it calls for information that Google is not capable of producing (or not reasonably able to produce); (6) it seeks information already in the possession of a party to the litigation; (7) it seeks information that is highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (8) it

seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses; (9) it lacks relevance, including but not limited to because this Request lacks a demonstrated nexus to the specific patents-in-suit and the specific accused NVIDIA products and software; (10) it uses overbroad, vague and ambiguous terms and phrases in the request, including, but not limited to "whether You use a pointer to data stored in memory (e.g. memory bank or partition)," "using as an input to a subsequent computational layer the pointer to output data from a GPU computation," "using pointers in neural network computations," "swapping an input pointer with the pointer to data output from a GPU computation," "pointer swapping," "pointer rotation," "buffer swapping," "ping-pong buffers," "double or triple buffering," "alternating input/output buffers," or "any other technique in which output data from one computation, layer, iteration, time step, or cycle becomes input data for a later computation, layer, iteration, time step, or cycle" without providing additional identifying or clarifying information to explain exactly what is sought; (11) it is improper because it is an interrogatory disguised as a document request; (12) given the definition of NVIDIA GPUs, this request amounts to over 240 requests and thus is overbroad, unduly burdensome, and not proportional. Google further objects to this request to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable protection. Google further objects to this request as unduly burdensome to the extent it seeks documents that are over seven years old. Such documents, to the extent they exist, may reside in difficult-to-access sources. Google is not able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Accordingly, Google will not produce documents in response to this request as currently presented. Google is willing to meet and confer regarding this request.

**REQUEST NO. 8:**

Documents sufficient to show whether You store input data, output data, intermediate results, tensors, activations, weights, parameters, internal variables, GPU programs, kernels, textures, shaders, or other GPU-computation-related data in separate, partitioned, logical, physical, first/second, input/output, texture, shader, shared, global, device, host, pinned, GPU RAM, GPU cache(s), or unified memory regions (shared by CPU and GPU) when performing computations using NVIDIA GPUs.

**RESPONSE TO REQUEST NO. 8:**

In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad and vague as it is not reasonably limited or discernible in scope—especially for a nonparty—with its request for information about how Google manages GPU memory across an extensive list of memory types and data categories that spans essentially every aspect of GPU computation and would require Google to review and analyze the entirety of its source code repositories spanning the breadth of Google's computing infrastructure and product portfolio for responsive information; (2) it is vague and ambiguous as to the phrases "You" (see Objection 6 above), "store input data, output data, intermediate results, tensors, activations, weights, parameters, internal variables, GPU programs, kernels, textures, shaders, or other GPU-computation-related data in separate, partitioned, logical, physical, first/second, input/output, texture, shader, shared, global, device, host, pinned, GPU RAM, GPU cache(s), or unified memory regions (shared by CPU and GPU) when performing computations"; (3) it seeks information that is not within Google's possession, custody or control; (4) it seeks electronically stored information that is not reasonably accessible by Google without undue burden and/or cost;

(5) it calls for information that Google is not capable of producing (or not reasonably able to produce); (6) it seeks information already in the possession of a party to the litigation; (7) it seeks information that is highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (8) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses, as it seeks information about Google's systems that use NVIDIA GPUs, not limited to the functionality of the NVIDIA GPUs themselves; (9) it lacks relevance, including but not limited to because this Request lacks a demonstrated nexus to the specific patents-in-suit and the specific accused NVIDIA products and software; (10) it uses overbroad, vague and ambiguous terms and phrases in the request, including, but not limited to "store input data," "intermediate results," "tensors," "activations," "weights," "parameters," "internal variables," "GPU programs," "kernels," "textures," "shaders," "other GPU-computation-related data in separate, partitioned, logical, physical, first/second, input/output, texture, shader, shared, global, device, host, pinned, GPU RAM, GPU cache(s), or unified memory regions (shared by CPU and GPU) when performing computations using NVIDIA GPUs," without providing additional identifying or clarifying information to explain exactly what is sought; (11) it is improper because it is an interrogatory disguised as a document request; (12) given the definition of NVIDIA GPUs, this request amounts to over 240 requests and thus is overbroad, unduly burdensome, and not proportional. Google further objects to this request to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable protection. Google further objects to this request as unduly burdensome to the extent it seeks documents that are over seven years old. Such documents, to the extent they exist, may reside in difficult-to-access sources. Google is not able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources,

without incurring substantial undue burden or cost.

Accordingly, Google will not produce documents in response to this request as currently presented. Google is willing to meet and confer regarding this request.

**REQUEST NO. 9:**

Documents sufficient to show how input data is received, acquired, stored, transferred, copied, streamed, prefetched, staged, queued, or loaded from CPU memory, host memory, system memory, storage, sensors, cameras, or other input sources to NVIDIA GPU memory – including GPU RAM (e.g. GPU HBM, GDDR) and/or GPU cache(s) – before, during, or in parallel with computations You perform using NVIDIA GPUs.

**RESPONSE TO REQUEST NO. 9:**

In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope—especially for a nonparty—with its request for information about Google's internal data pipeline architecture at the level of GPU memory transfer operations that would require Google to review and analyze the entirety of its source code repositories spanning the breadth of Google's computing infrastructure and product portfolio for responsive information; (2) it is vague and ambiguous as to the phrases "You" (see Objection 6 above), "how input data is received, acquired, stored, transferred, copied, streamed, prefetched, staged, queued, or loaded from CPU memory, host memory, system memory, storage, sensors, cameras, or other input sources to NVIDIA GPU memory"; (3) it seeks information that is not within Google's possession, custody or control; (4) it seeks electronically stored information that is not reasonably accessible by Google without undue burden and/or cost; (5) it calls for information that Google is not capable of producing (or not

reasonably able to produce); (6) it seeks information already in the possession of a party to the litigation; (7) it seeks information that is highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (8) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses, as it seeks information about Google's systems that interact with NVIDIA GPUs, not limited to the functionality of the NVIDIA GPUs themselves; (9) it lacks relevance, including but not limited to because this Request lacks a demonstrated nexus to the specific patents-in-suit and the specific accused NVIDIA products and software; (10) it uses overbroad, vague and ambiguous terms and phrases in the request, including, but not limited to "how input data is received, acquired, stored, transferred, copied, streamed, prefetched, staged, queued, or loaded from CPU memory, host memory, system memory, storage, sensors, cameras, or other input sources to NVIDIA GPU memory – including GPU RAM (e.g. GPU HBM, GDDR) and/or GPU cache(s)," "before, during, or in parallel with computations You perform using NVIDIA GPUs" without providing additional identifying or clarifying information to explain exactly what is sought; (11) it is improper because it is an interrogatory disguised as a document request; (12) given the definition of NVIDIA GPUs, this request amounts to over 240 requests and thus is overbroad, unduly burdensome, and not proportional. Google further objects to this request to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable protection. Google further objects to this request as unduly burdensome to the extent it seeks documents that are over seven years old. Such documents, to the extent they exist, may reside in difficult-to-access sources. Google is not able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Accordingly, Google will not produce documents in response to this request as currently presented. Google is willing to meet and confer regarding this request.

**REQUEST NO. 10:**

Documents sufficient to show how output data from a GPU computation(s), intermediate results of GPU computations, tensors, buffers, activations, variables, or other computation results are stored, transferred, copied, streamed, written back, returned, accumulated, reused, or made available including asynchronously from NVIDIA GPU memory to CPU memory, host memory, system memory, storage, display, network, or another memory location before, during, or in parallel with computations You perform using NVIDIA GPUs – and also including in the opposite direction, copying data from CPU or host or other memory to a queue for GPU computation while other GPU computations are occurring.

**RESPONSE TO REQUEST NO. 10:**

In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad for the same reasons as stated in response to Request No. 9—the Request covers essentially the reverse data flow (GPU memory to CPU/host memory) as well as bidirectional concurrent data movement—effectively seeking a complete technical map of Google’s GPU computation data pipeline; (2) this Request, combined with Requests Nos. 7, 8, and 9, collectively amount to a comprehensive demand for Google's entire GPU computing architecture and implementation, which is disproportionate given Google's status as a third-party customer; (3) it is vague and ambiguous as to the phrases “You” (see Objection 6 above), “how output data from a GPU computation(s), intermediate results of GPU computations, tensors, buffers, activations, variables, or other computation results are stored, transferred, copied, streamed,

written back, returned, accumulated, reused, or made available including asynchronously from NVIDIA GPU memory to CPU memory, host memory, system memory, storage, display, network, or another memory location before, during, or in parallel with computations You perform using NVIDIA GPUs – and also including in the opposite direction, copying data from CPU or host or other memory to a queue for GPU computation while other GPU computations are occurring"; (4) it seeks information that is not within Google's possession, custody or control; (5) it seeks electronically stored information that is not reasonably accessible by Google without undue burden and/or cost; (6) it calls for information that Google is not capable of producing (or not reasonably able to produce); (7) it seeks information already in the possession of a party to the litigation; (8) it seeks information that is highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (9) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses, as it seeks information about Google's systems that interact with NVIDIA GPUs, not limited to the functionality of the NVIDIA GPUs themselves; (10) it lacks relevance, including but not limited to because this Request lacks a demonstrated nexus to the specific patents-in-suit and the specific accused NVIDIA products and software; (11) it uses overbroad, vague and ambiguous terms and phrases in the request, including, but not limited to "how output data from a GPU computation(s), intermediate results of GPU computations, tensors, buffers, activations, variables, or other computation results are stored, transferred, copied, streamed, written back, returned, accumulated, reused, or made available including asynchronously from NVIDIA GPU memory to CPU memory, host memory, system memory, storage, display, network," "another memory location," "before, during, or in parallel with computations You perform using NVIDIA GPUs," "in the opposite direction, copying data from CPU or host or other memory to a queue for GPU computation while

other computations are occurring" without providing additional identifying or clarifying information to explain exactly what is sought; (12) it is improper because it is an interrogatory disguised as a document request; (13) given the definition of NVIDIA GPUs, this request amounts to over 240 requests and thus is overbroad, unduly burdensome, and not proportional. Google further objects to this request to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable protection. Google further objects to this request as unduly burdensome to the extent it seeks documents that are over seven years old. Such documents, to the extent they exist, may reside in difficult-to-access sources. Google is not able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Accordingly, Google will not produce documents in response to this request as currently presented. Google is willing to meet and confer regarding this request.

**REQUEST NO. 11:**

Documents sufficient to show how computations You perform using NVIDIA GPUs are scheduled, ordered, controlled, queued, synchronized, parallelized, launched, interrupted, resumed, or executed, including through kernels, CUDA streams, CUDA graphs, events, threads, controllers, schedulers, compilers, runtimes, inference engines, run lists, run engines, or custom software.

**RESPONSE TO REQUEST NO. 11:**

In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope—especially for a nonparty—with its request for information about how Google's internal

scheduling and execution infrastructure interfaces with NVIDIA GPU hardware across all of Google's GPU-utilizing systems; the Request is an open-ended enumeration of scheduling and execution mechanisms, combined with the catch-all "or custom software," which renders the Request's scope unlimited (2) it is vague and ambiguous as to the phrases "You" (see Objection 6 above), "how computations You perform using NVIDIA GPUs are scheduled, ordered, controlled, queued, synchronized, parallelized, launched, interrupted, resumed, or executed"; (3) it seeks information that is not within Google's possession, custody or control; (4) it seeks electronically stored information that is not reasonably accessible by Google without undue burden and/or cost; (5) it calls for information that Google is not capable of producing (or not reasonably able to produce); (6) it seeks information already in the possession of a party to the litigation—e.g., it seeks information about how NVIDIA's own CUDA runtime, CUDA streams, CUDA graphs, and related tools function, that information is more appropriately sought from NVIDIA itself; (7) it seeks information that is highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (8) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses, as it seeks information about Google's systems that interact with NVIDIA GPUs, not limited to the functionality of the NVIDIA GPUs themselves; (9) it lacks relevance, including but not limited to because this Request lacks a demonstrated nexus to the specific patents-in-suit and the specific accused NVIDIA products and software; (10) it uses overbroad, vague and ambiguous terms and phrases in the request, including, but not limited to "how computations You perform using NVIDIA GPUs are scheduled, ordered, controlled, queued, synchronized, parallelized, launched, interrupted, resumed, or executed," "through kernels, CUDA streams, CUDA graphs, events, threads, controllers, schedulers, compilers, runtimes, inference engines, run lists, run engines," "custom software" without providing additional

identifying or clarifying information to explain exactly what is sought; (11) it is improper because it is an interrogatory disguised as a document request; (12) given the definition of NVIDIA GPUs, this request amounts to over 240 requests and thus is overbroad, unduly burdensome, and not proportional. Google further objects to this request to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable protection. Google further objects to this request as unduly burdensome to the extent it seeks documents that are over seven years old. Such documents, to the extent they exist, may reside in difficult-to-access sources. Google is not able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Accordingly, Google will not produce documents in response to this request as currently presented. Google is willing to meet and confer regarding this request.

**REQUEST NO. 12:**

Documents sufficient to show whether and how user inputs, user commands, configuration changes, parameter changes, model changes, computational-element changes, input changes, interruptions, or display/output changes affect computations You perform using NVIDIA GPUs and/or queue them for GPU computation.

**RESPONSE TO REQUEST NO. 12:**

In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope—especially for a nonparty—with the Request encompassing any way in which user interactions or configuration changes affect GPU computations—a description that could apply to

virtually any consumer-facing or developer-facing product that runs on GPU infrastructure; (2) it overlaps substantially with Requests Nos. 7 through 11 and, in combination, these Requests collectively seek a complete technical disclosure of Google's GPU computing infrastructure; (3) it is vague and ambiguous as to the phrases "You" (see Objection 6 above), "how user inputs, user commands, configuration changes, parameter changes, model changes, computational-element changes, input changes, interruptions, or display/output changes affect computations You perform using NVIDIA GPUs and/or queue them for GPU computation"; (4) it seeks information that is not within Google's possession, custody or control; (5) it seeks electronically stored information that is not reasonably accessible by Google without undue burden and/or cost; (6) it calls for information that Google is not capable of producing (or not reasonably able to produce); (7) it seeks information already in the possession of a party to the litigation; (8) it seeks information that is highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (9) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses, as it seeks information about Google's systems that interact with NVIDIA GPUs, not limited to the functionality of the NVIDIA GPUs themselves; (10) it lacks relevance, including but not limited to because this Request lacks a demonstrated nexus to the specific patents-in-suit and the specific accused NVIDIA products and software; (11) it uses overbroad, vague and ambiguous terms and phrases in the request, including, but not limited to "how user inputs, user commands, configuration changes, parameter changes, model changes, computational-element changes, input changes, interruptions, or display/output changes affect computations You perform using NVIDIA GPUs and/or queue them for GPU computation" without providing additional identifying or clarifying information to explain exactly what is sought; (12) it is improper because it is an interrogatory disguised as a document request; (13) given the definition

of NVIDIA GPUs, this request amounts to over 240 requests and thus is overbroad, unduly burdensome, and not proportional. Google further objects to this request to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable protection. Google further objects to this request as unduly burdensome to the extent it seeks documents that are over seven years old. Such documents, to the extent they exist, may reside in difficult-to-access sources. Google is not able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists in the sources, without incurring substantial undue burden or cost.

Accordingly, Google will not produce documents in response to this request as currently presented. Google is willing to meet and confer regarding this request.

Dated: July 21, 2026

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Jordan R. Jaffe*
Jordan R. Jaffe

*Attorney for Respondent*
Google LLC

**PROOF OF SERVICE**

I, Mercedes McKone, declare:

I am employed in the County of San Francisco, in the State of California. I am over the age of 18 years and not a party to the within action. My business address is Wilson Sonsini Goodrich & Rosati, P.C., 12235 El Camino Real, San Diego, California, 92130.

On this date, I served:

**NONPARTY GOOGLE LLC'S OBJECTIONS AND RESPONSES TO NEURAL AI, LLC'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**

☒ By forwarding the document(s) by electronic transmission on this date to the Internet email address(es) listed below:

Max L. Tribble, Esq.
Brian D. Melton, Esq.
Rocco Magni, Esq.
Samuel Drezdzon, Esq.
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
mtribble@susmangodfrey.com
bmelton@susmangodfrey.com
rmagni@susmangodfrey.com
sdrezdzon@susmangodfrey.com

Tanner Laiche
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
tlaiche@susmangodfrey.com

Max Ciccarelli
CICCARELLI LAW FIRM LLC
100 N. 6th Street, Suite 502
Waco, Texas 76701
max@ciccarellilawfirm.com

Tamar Lusztig, Esq.
Emily Portuguese, Esq.
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
tlusztig@susmangodfrey.com
eportuguese@susmangodfrey.com

Mark D. Siegmund, Esq.
CHERRY JOHNSON SIEGMUND JAMES PC
Bridgeview Center
7901 Fish Pond Road, 2nd Floor
Waco, TX 76710
msiegmund@cjsjlaw.com

*Attorneys for Plaintiff*
NEURAL AI, LLC

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Diego, California on July 21, 2026.

M. McKone

Mercedes McKone