# EXHIBIT

# 10

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| NEURAL AI, LLC,<br>Plaintiff,<br>v.<br>NVIDIA CORPORATION,<br>Defendant. | Civil Action No. 7:24-cv-00221-ADA-DTG |

**RESPONSES AND OBJECTIONS OF NONPARTY GOOGLE LLC**
**TO SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

Pursuant to Federal Rule of Civil Procedure 45 ("Rule 45"), nonparty Google LLC ("Google") makes the following responses and objections to the June 24, 2026 Subpoena to Testify at a Deposition in a Civil Action served by Neural AI, LLC ("Neural AI") (the "Subpoena").

**PRELIMINARY STATEMENT**

Google responds to the Subpoena subject to the accompanying objections. Google is a non-party to this matter, is not involved in the underlying dispute, and has not otherwise engaged in discovery with the parties. All of the responses contained herein, therefore, are based only upon such limited information and documents as are presently available to and specifically known to Google. The following responses are given without prejudice to Google's right to produce any subsequently discovered information or facts that Google may discover. Google, accordingly, reserves the right to change any and all responses herein if additional facts are ascertained, analyses are made, research is completed, or contentions are made.

**GENERAL OBJECTIONS**

The following General Objections apply to and are incorporated by reference into each of

the specific responses and objections set forth below, as if fully set forth therein. Google's assertion of any specific objection in response to a particular Request does not waive any General Objection. Google reserves the right to supplement, amend, or correct these responses and objections as additional information becomes available.

**1. Obligations in Excess of Federal Rules.** Google objects to the Subpoena's definitions and instructions to the extent they purport to impose obligations on Google in excess of any applicable federal or state codes of civil procedure, rules of evidence, or any other applicable law. As set forth in the following objections and responses to the Subpoena and its request for a deposition of a Google witness, Google will not provide a witness to testify or appear for the scheduled deposition because the deposition request is unduly burdensome and unnecessary. Further, it is improper to require Google, who is a non-party, to produce a witness to provide deposition testimony on subject matters and information that could be obtained from another source, such as documents and other non-testimonial sources of information.

**2. Improper place of compliance.** Google objects to this Subpoena to the extent the place of compliance—Planet Depos, Downtown Austin, 100 Congress Ave., Ste. 2000, Austin, TX 78701—does not satisfy Rule 45(c)(2)(A) of the Federal Rules of Civil Procedure. Rule 45 permits production of a witness for deposition "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." The relevant inquiry under Rule 45 is not simply whether Google has some business presence anywhere within 100 miles of the specified location, but whether the custodians of records whose files would be responsive to the Subpoena reside, are employed, or regularly transact business in person within 100 miles of the designated compliance location. Google's principal place of business is in Mountain View, California, and the employees most knowledgeable about and in possession of documents

responsive to the Requests would be located in or near Google's headquarters, not in Austin, Texas. Google also objects to the time and place set by the Subpoena for the deposition because they were selected unilaterally, without consulting with Google about the availability of its witness(es) or its counsel. To the extent Google produces a witness to provide deposition testimony in response to the Subpoena, Google shall do so at a mutually agreeable time and place. Notwithstanding this objection, and without waiving it, Google responds as set forth below to preserve a cooperative record.

**3. Undue Burden on a Non-Party.** Google objects to the Subpoena on the grounds that it seeks to impose an undue burden on Google, which is not a party to the underlying action. Google further objects to the Subpoena to the extent it seeks documents or information that is in the possession, custody, or control of a party to the underlying action, such as NVIDIA Corporation, or equally available from another source (including public sources) that is more convenient, less burdensome, or less expensive than requiring Google to produce such documents or information. As a disinterested non-party, Google should not be subjected to the burden of searching for and producing such documents or information unless and until all reasonable means of obtaining that information directly from such other sources have been exhausted.

**4. Unreasonable Search/Investigation.** Google objects to the Subpoena to the extent it purports to require Google to perform anything more than a reasonable and diligent investigation from reasonably accessible sources. Google specifically objects to any Request that requires the collection, review, and production of emails or other internal communications as facially overbroad and unduly burdensome on a non-party.

**5. Overbreadth and Lack of Proportionality.** Google objects to the Subpoena to the extent it seeks information that is not proportionate to the needs of the case or not relevant to

any party's claims or defenses. Moreover, because neither a copy of the underlying complaint nor a description of the underlying claims at issue accompanied the Subpoena, Google is unable to discern whether the documents or information sought by the Subpoena are discoverable, and what its obligations are, if any, to respond to the Subpoena. Google objects to each Request to the extent it is overly broad, seeks information that is not relevant to the claims or defenses in the underlying action, and is not proportional to the needs of the case as required by Fed. R. Civ. P. 26(b)(1). The definition of "NVIDIA GPUs" alone spans three full pages and encompasses dozens of GPU architectures and hundreds of individual GPU products covering nearly a decade of product generations. Requests defined in terms of this expansive definition—and further qualified by omnibus definitions equating "or" with "and" and "any" with "all"—are facially overbroad. Google also objects to the Requests as overly broad and unduly burdensome to the extent they seek "All Documents" or "All Communications" with respect to a subject because such omnibus requests seek discovery that is not relevant to a party's claim or defense and are not proportional to the needs of the case.

**6. Vague, Overbreadth, and Lack of Proportionality.** Google objects to the definition of "NVIDIA GPUs," which alone spans three full pages and encompasses dozens of GPU architectures and hundreds of individual GPU products. Requests defined in terms of this expansive definition—and further qualified by omnibus definitions equating "or" with "and" and "any" with "all"—are facially overbroad. Google objects to the definition of "NVIDIA GPU" as vague, overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it includes over 240 different devices in addition to "any and all variations of the aforementioned products (including at least products having different options for number of GPUs." Google also objects to this definition as unduly burdensome and disproportionate to the needs of the case to the

extent it purports to require Google to determine what specific products fall within plaintiff's definition. Google will not attempt to interpret this term. Google objects to this definition to the extent it requires an expert or legal opinion. Google also objects to Instruction No. 23, which uses the terms "NVIDIA GPU-Acceleration Hardware" and "NVIDIA GPU-Acceleration Software," but nowhere are those terms defined. Google will not attempt to interpret these terms. Google also objects to Instruction No. 34, which uses the terms "NVIDIA Hardware" and "NVIDIA Software," but nowhere are those terms defined, and hence they are vague, overbroad, and unduly burdensome. Google will not attempt to interpret these terms.

Google also objects to the definition of "Source Code" as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case. The definition purports to encompass not only human-readable programming instructions but also "all comments, annotations, declarations, functions, classes, and other components used to define the behavior of a software program," "all associated files necessary to understand, compile, and execute the code, such as scripts, header files, makefiles, configuration files, and documentation," as well as "all versions and revisions relevant to the time periods and subject matter described in each interrogatory." As defined, "Source Code" effectively sweeps in Google's entire software development history for any system touching NVIDIA GPUs. Google also objects that "necessary to understand" is vague and ambiguous and subjective. Google further objects to this definition to the extent it seeks Source Code that constitutes Google's most sensitive trade secret and proprietary information. Compelling a non-party to produce source code is an extraordinary measure that requires, at minimum, a showing of substantial need" that NAI has not made. Such production would also require entry of a protective order providing source code-level protections—which has not been established. Google will not produce Source Code, as defined, absent such a showing and such protections. To the extent

any specific Request incorporates this definition, Google objects to that Request on these same grounds.

Google also objects to the definitions of "concerning," "related to," and "regarding" encompass over a dozen different verbs in a deliberately all-inclusive formulation that renders virtually any document potentially responsive to any Request. Google also objects to the definition of "You" or "Your" as overbroad, unduly burdensome, and disproportionate to the needs of the case. As defined, the terms purport to encompass not only Google LLC itself but also its predecessors, successors, parents, subsidiaries, divisions, affiliates, and all past or present directors, officers, partners, managers, employees, contractors, agents, representatives, accountants, consultants, in-house and outside counsel, and any other person or entity acting or purporting to act on its behalf or subject to its control. The definition further expressly extends to any Google parent, subsidiary, affiliate, or other related entity that has "used, licensed, deployed, evaluated, or integrated NVIDIA GPUs or software." As defined, "You" and "Your" would require Google conduct an unduly burdensome undertaking to determine who may fit into this definition, an then search for and produce documents from those source, including those not within Google LLC's own possession, custody, or control, and to undertake an investigation spanning entities and individuals that are legally distinct from Google LLC and over whose documents and information Google LLC may have no authority to collect or produce. Google further objects to this definition to the extent it purports to impose discovery obligations on Google's in-house and outside counsel, whose documents and communications are protected by the attorney-client privilege and work product doctrine. Google further objects to the catch-all phrase "any other person or entity acting or purporting to act on its behalf or subject to its control"

as vague, undefined, and potentially limitless in scope. Google will interpret "You" and "Your" to refer solely to Google LLC. Google will interpret each Request reasonably and in good faith.

**7. Confidential and Proprietary Information.** Google objects to the Subpoena to the extent it seeks confidential financial, proprietary or trade secret information belonging to Google or a third party, or any other information subject to a confidentiality agreement, protective order or legal duty of non-disclosure ("Confidential Information"). Google will only produce information it deems confidential pursuant to a confidentiality agreement or protective order that it believes is suitable for the protection of its Confidential Information. Even if an adequate protective order has been entered in the underlying action by the presiding court, Google will only provide Confidential Information to the extent Google can do so consistent with its legal, contractual and other confidentiality obligations. Google reserves the right to redact Confidential Information belonging to Google or third parties, as well as information concerning irrelevant matters.

**8. Privilege**. Google objects to the Subpoena to the extent it seeks information protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. Any disclosure of privileged information by Google in response to the Subpoena shall not be deemed a waiver of any such privilege, and Google expressly requests that any party that receives any such privileged information produced by Google immediately return and do not make use of any produced privileged information.

**9. Relevance to Underlying Claims.** Google objects to each Request to the extent it lacks a demonstrated nexus to the patents-in-suit or to any specific claim of direct, indirect, or induced infringement by NVIDIA. Google's internal use of any products has no necessary

bearing on whether NVIDIA's products infringe NAI's patents. Mere customer status does not render a non-party's internal documents, communications, or financial information relevant to a patent infringement suit against the manufacturer.

**10. Temporal and Geographic Scope.** Google objects to the unbounded temporal and geographical scope to the extent it encompasses time periods or activities not relevant to the specific claims and accused products at issue.

**11. Unnecessary Authentication Testimony.** Google objects to the Subpoena to the extent that it is seeking deposition testimony to authenticate records produced by Google. Such testimony is unnecessary and unduly burdensome. In lieu of producing a witness to appear and testify for the requested deposition, Google is willing to consider providing an affidavit that authenticates any documents produced in response to the Subpoena as business records.

**12. Date and Time of Compliance.** Google objects to the date and time set for compliance with the Subpoena as unreasonable, inconvenient, and unduly burdensome. The date and time were selected unilaterally by NAI without consulting Google or its counsel regarding availability, and without making any effort to identify a mutually agreeable time and place for compliance. Google further objects that the time provided for compliance is insufficient to permit Google to conduct a reasonable and diligent investigation across its organization, identify potentially responsive information, and identify, prepare, and produce one or more knowledgeable witnesses to testify competently on the noticed Topics. This is particularly true given the breadth and technical complexity of the Topics, which, as set forth in Google's specific objections below, implicate highly sensitive and technically complex aspects of Google's computing infrastructure. To the extent Google produces a witness in response to the Subpoenas, it will do so at a mutually

agreeable date, time, and place to be negotiated with NAI's counsel following the parties' meet and confer.

**13.** **Expenses.** Google objects to the Subpoena on the grounds that it demands that Google produce a witness to provide deposition testimony at Google's own expense. To the extent that Google produces a witness to provide deposition testimony in response to the Subpoena, Google shall only do so if properly compensated under applicable law for any costs, including attorney fees, incurred by Google and its witness(es) in connection with the deposition.

**14.** Google reserves the right to assert additional objections, or to supplement its objections and responses as appropriate, particularly if any additional information regarding the Subpoena or the underlying claims at issue is provided.

**SPECIFIC RESPONSES AND OBJECTIONS TO THE DEPOSITION TOPICS**

Google incorporates each of its General Objections into each specific response below as if fully set forth therein. The assertion of a specific objection in any response does not waive any General Objection. The Deposition Subpoena commands Google to designate one or more representatives under Fed. R. Civ. P. 30(b)(6) to testify about the following Topics. Google objects to each Topic as set forth below. Google's conditional willingness to meet and confer about any Topic is not an admission that any witness can or will be prepared to testify on the full scope of the Topic as written, or that such testimony would be appropriate to compel from a non-party.

**TOPIC NO. 1:**

The NVIDIA software and libraries You use to perform computations, including but not limited to NVIDIA's Aerial, Clara Parabricks, cuBLAS, cuDNN, cuFFT, cuQuantum, cuSOLVER, cuSPARSE, Drive, DriveWorks, Holoscan, Isaac, Isaac Lab, Maxine, Memory Map, Merlin,

Metropolis, Modulus, Monai, Morpheus, NeMo, PyTorch, RAPIDS, Riva, Runtime Driver, TensorFlow, TensorRT, Triton, VSS (Deepstream).

**RESPONSE TO TOPIC NO. 1:**

In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this topic on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope—especially for a non-party—as to its request for testimony about Google's use of more than twenty named NVIDIA software products, and preparing one or more witnesses to testify about Google's use of this broad list of software products across its entire computing infrastructure would impose an extraordinary and unreasonable burden on a non-party; (2) it is vague and ambiguous, including but not limited to the phrases "You" (see Objection 6 above), "software and libraries You use to perform computations"; (3) it seeks information that is not within Google's possession, custody or control or is within the possession of a party to the underlying action, including because, e.g., it seeks information about NVIDIA software libraries that are in NVIDIA's possession; (4) it seeks testimony that is highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order.

Accordingly, Google will not produce a witness to appear and testify on this topic at the time and place requested by the Subpoena but will consider a properly tailored request after the parties have met and conferred to discuss this request.

**TOPIC NO. 2:**

The NVIDIA sample Source Code You use, in whole or in part, to conduct computations.

**<u>RESPONSE TO TOPIC NO. 2</u>:**

In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this topic on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope—especially for a non-party—as to its request for testimony about "NVIDIA sample Source Code" without any meaningful limitation; (2) it is vague and ambiguous, including but not limited to the phrases "You" and "Source Code" (see Objection 6 above), "NVIDIA sample Source Code," which is undefined and could encompass a vast range of publicly available and proprietary code distributed through various NVIDIA channels; (3) it seeks information that is not within Google's possession, custody or control or is within the possession of a party to the underlying action, including because, e.g., it seeks information about NVIDIA software libraries that are in NVIDIA's possession; (4) it seeks testimony that is highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order.

Accordingly, Google will not produce a witness to appear and testify on this topic at the time and place requested by the Subpoena but will consider a properly tailored request after the parties have met and conferred to discuss this request.

**<u>TOPIC NO. 3</u>:**

Your customizations and/or data inputs to NVIDIA software that alter the way in which NVIDIA software performs computations and/or a description of the data input to NVIDIA software on which computations are run.

**<u>RESPONSE TO TOPIC NO. 3</u>:**

In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this topic on multiple grounds, including but not limited to the

following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope—especially for a non-party—as to its request for testimony about "customizations and/or data inputs that alter the way in which NVIDIA software performs computations and/or a description of the data input to NVIDIA software on which computations are run" without any meaningful limitation and asks Google to testify about every "customization" or "data input" it has made to any NVIDIA software product and the nature of all data inputs to such software—an inquiry that could span the breadth of Google's computing infrastructure and product portfolio; (2) it is vague and ambiguous, including but not limited to the phrases "You" and "Source Code" (see Objection 6 above), "NVIDIA software," "customizations," "alter the way in which NVIDIA software performs computations and/or a description of the data input to NVIDIA software on which computations are run," which could be interpreted to encompass virtually any use of NVIDIA software and thus is unduly burdensome and disproportionate to the needs of the case; (3) it seeks information that is not within Google's possession, custody or control; (4) it seeks testimony that is highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order.

Accordingly, Google will not produce a witness to appear and testify on this topic at the time and place requested by the Subpoena but will consider a properly tailored request after the parties have met and conferred to discuss this request.

**TOPIC NO. 4:**

Identification of Your software that uses NVIDIA GPUs to perform computations

**RESPONSE TO TOPIC NO. 4:**

In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this topic on multiple grounds, including but not limited to the

following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope—especially for a non-party—as to its request for testimony about any software that uses NVIDIA GPUs to perform computation without any meaningful limitation, which asks Google to testify about every software system, application, or service across its entire computing infrastructure that uses NVIDIA GPUs in any capacity; (2) it is vague and ambiguous, including but not limited to the phrases "Your"(see Objection 6 above), "uses NVIDIA GPUs to perform computations"; (3) it seeks information that is not within Google's possession, custody or control; (4) it seeks testimony that is highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order.

Accordingly, Google will not produce a witness to appear and testify on this topic at the time and place requested by the Subpoena but will consider a properly tailored request after the parties have met and conferred to discuss this request.

**TOPIC NO. 5:**

Using Your software, the ways in which output data from a GPU computation(s), including intermediate results of GPU computations are stored, referenced by a pointer, transferred, copied, streamed, written back, returned, accumulated, reused, or made available including asynchronously from NVIDIA GPU memory to CPU memory, host memory, system memory, storage, display, network, or another memory location before, during, or in parallel with computations performed using NVIDIA GPUs.

**RESPONSE TO TOPIC NO. 5:**

In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this topic on multiple grounds, including but not limited to the following: (1) it is overbroad, technically complex, and unduly burdensome as it seeks testimony

that would require extraordinary witness preparation effort from a non-party, is not reasonably limited or discernible in scope—especially for a non-party—as to its request for testimony about GPU memory management and data transfer operations across all of Google's GPU-utilizing systems spanning the breadth of Google's computing infrastructure and product portfolio, which encompasses numerous distinct technical operations (storing, referencing by pointer, transferring, copying, streaming, writing back, returning, accumulating, reusing, and asynchronous data movement) for every system Google operates using NVIDIA GPUs; (2) it is vague and ambiguous, including but not limited to the phrases "You" (see Objection 6 above), "the ways in which output data from a GPU computation(s), including intermediate results of GPU computations are stored, referenced by a pointer, transferred, copied, streamed, written back, returned, accumulated, reused, or made available including asynchronously from NVIDIA GPU memory to CPU memory, host memory, system memory, storage, display, network, or another memory location before, during, or in parallel with computations performed using NVIDIA GPUs"; (3) it seeks information that is not within Google's possession, custody or control; (4) it seeks testimony that is highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (5) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses.

Accordingly, Google will not produce a witness to appear and testify on this topic at the time and place requested by the Subpoena but will consider a properly tailored request after the parties have met and conferred to discuss this request.

Dated: July 21, 2026

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ *Jordan R. Jaffe*
Jordan R. Jaffe

*Attorney for Respondent*
Google LLC

**PROOF OF SERVICE**

I, Mercedes McKone, declare:

I am employed in the County of San Francisco, in the State of California. I am over the age of 18 years and not a party to the within action. My business address is Wilson Sonsini Goodrich & Rosati, P.C., 12235 El Camino Real, San Diego, California, 92130.

On this date, I served:

**RESPONSES AND OBJECTIONS OF NONPARTY GOOGLE LLC TO SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

☒ By forwarding the document(s) by electronic transmission on this date to the Internet email address(es) listed below:

Max L. Tribble, Esq.
Brian D. Melton, Esq.
Rocco Magni, Esq.
Samuel Drezdzon, Esq.
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
mtribble@susmangodfrey.com
bmelton@susmangodfrey.com
rmagni@susmangodfrey.com
sdrezdzon@susmangodfrey.com

Tanner Laiche
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
tlaiche@susmangodfrey.com

Max Ciccarelli
CICCARELLI LAW FIRM LLC
100 N. 6th Street, Suite 502
Waco, Texas 76701
max@ciccarellilawfirm.com

Tamar Lusztig, Esq.
Emily Portuguese, Esq.
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
tlusztig@susmangodfrey.com
eportuguese@susmangodfrey.com

Mark D. Siegmund, Esq.
CHERRY JOHNSON SIEGMUND JAMES PC
Bridgeview Center
7901 Fish Pond Road, 2nd Floor
Waco, TX 76710
msiegmund@cjsjlaw.com

*Attorneys for Plaintiff*
NEURAL AI, LLC

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Diego, California on July 21, 2026.

M. McKone

Mercedes McKone