# EXHIBIT A

**From:** Jaffe, Jordan
**Sent:** Friday, August 21, 2026 1:19 PM
**To:** Rocco Magni; Tanner Laiche; Desai, Neil
**Cc:** McKone, Mercedes; Max Tribble; Brian Melton; Samuel Drezdzon; max@ciccarellilawfirm.com; Tamar Lusztig; Emily Portuguese; msiegmund; Grubbs, Deborah; Browder, Sissel; Margo, Ben; Wang, Jing (SF Associate); Pierce, Naomi; Arenas, G. Grace; Davidson, Nancy Fronda-
**Subject:** RE: Neural AI, LLC v. Nvidia Corporation (C.A. 7:24-cv-00221-ADA-DTG)

Rocco,

We respectfully disagree; there is no "false record." The correspondence speaks for itself and supports our position. We will otherwise address these points in our opposition.

Best regards,

**Jordan R. Jaffe | Partner | Wilson Sonsini Goodrich & Rosati**
One Market Plaza, Spear Tower, Suite 3300 | San Francisco, CA 94105
415.498.0556 | jjaffe@wsgr.com | LinkedIn

---

**From:** Rocco Magni <RMagni@susmangodfrey.com>
**Sent:** Wednesday, August 19, 2026 6:02 PM
**To:** Jaffe, Jordan <jjaffe@wsgr.com>; Tanner Laiche <TLaiche@susmangodfrey.com>; Desai, Neil <ndesai@wsgr.com>
**Cc:** McKone, Mercedes <mmckone@wsgr.com>; Max Tribble <MTRIBBLE@SusmanGodfrey.com>; Brian Melton <BMelton@SusmanGodfrey.com>; Samuel Drezdzon <SDrezdzon@susmangodfrey.com>; max@ciccarellilawfirm.com; Tamar Lusztig <TLusztig@susmangodfrey.com>; Emily Portuguese <EPortuguese@susmangodfrey.com>; msiegmund <msiegmund@cjsjlaw.com>; Grubbs, Deborah <DGrubbs@wsgr.com>; Browder, Sissel <sbrowder@wsgr.com>; Margo, Ben <bmargo@wsgr.com>; Wang, Jing (SF Associate) <jing.wang@wsgr.com>; Pierce, Naomi <npierce@wsgr.com>; Arenas, G. Grace <garenas@wsgr.com>; Davidson, Nancy Fronda- <ndavidson@wsgr.com>
**Subject:** Re: Neural AI, LLC v. Nvidia Corporation (C.A. 7:24-cv-00221-ADA-DTG)

EXT - rmagni@susmangodfrey.com

---

Jordan,

I'm not sure why you are trying to create a false record. You and I were on a zoom back in July where I talked through a subset of information that we were looking for and said if you provided that information (e.g. the NVIDIA applications/frameworks that your client uses; documents sufficient to define the software stack), we would consider Google to have produced sufficient documents. We told you precisely what we were looking for. That was us discussing how to narrow the requests. We would narrow them to just call for that info. You said you would investigate those issues with your client. That was well before any suggestion of a declaration.

--
Rocco F. Magni

Partner | Susman Godfrey LLP
Office: 713.653.7861
Cell: 512.514.3519
Firm Bio
This e-mail may contain privileged and confidential information. If you received this message in error, please notify the sender and delete it immediately.

---

**From:** Jaffe, Jordan <jjaffe@wsgr.com>
**Date:** Tuesday, August 18, 2026 at 4:02 PM
**To:** Rocco Magni <RMagni@susmangodfrey.com>; Tanner Laiche <TLaiche@susmangodfrey.com>; Desai, Neil <ndesai@wsgr.com>
**Cc:** McKone, Mercedes <mmckone@wsgr.com>; Max Tribble <MTRIBBLE@SusmanGodfrey.com>; Brian Melton <BMelton@SusmanGodfrey.com>; Samuel Drezdzon <SDrezdzon@susmangodfrey.com>; max@ciccarellilawfirm.com <max@ciccarellilawfirm.com>; Tamar Lusztig <TLusztig@susmangodfrey.com>; Emily Portuguese <EPortuguese@susmangodfrey.com>; msiegmund <msiegmund@cjsjlaw.com>; Grubbs, Deborah <DGrubbs@wsgr.com>; Browder, Sissel <sbrowder@wsgr.com>; Margo, Ben <bmargo@wsgr.com>; Wang, Jing (SF Associate) <jing.wang@wsgr.com>; Pierce, Naomi <npierce@wsgr.com>; Arenas, G. Grace <garenas@wsgr.com>; Davidson, Nancy Fronda- <ndavidson@wsgr.com>
**Subject:** RE: Neural AI, LLC v. Nvidia Corporation (C.A. 7:24-cv-00221-ADA-DTG)

EXTERNAL Email

Rocco,

We respectfully disagree and the correspondence speaks for itself on these matters. Google never "made clear it intended to produce zero documents." It was Neural AI that suggested a declaration in lieu of producing documents and lead to the current record. Neural AI has never met and conferred on its specific pending document requests to address Google's well-founded objections. To the extent that Neural AI had such a proposal, it should have provided one and met and conferred on it before filing any motion to compel.

Best regards,

**Jordan R. Jaffe | Partner | Wilson Sonsini Goodrich & Rosati**
One Market Plaza, Spear Tower, Suite 3300 | San Francisco, CA 94105
415.498.0556 | jjaffe@wsgr.com | LinkedIn

---

**From:** Rocco Magni <RMagni@susmangodfrey.com>
**Sent:** Tuesday, August 18, 2026 12:07 PM
**To:** Jaffe, Jordan <jjaffe@wsgr.com>; Tanner Laiche <TLaiche@susmangodfrey.com>; Desai, Neil <ndesai@wsgr.com>
**Cc:** McKone, Mercedes <mmckone@wsgr.com>; Max Tribble <MTRIBBLE@SusmanGodfrey.com>; Brian Melton <BMelton@SusmanGodfrey.com>; Samuel Drezdzon <SDrezdzon@susmangodfrey.com>; max@ciccarellilawfirm.com; Tamar Lusztig <TLusztig@susmangodfrey.com>; Emily Portuguese <EPortuguese@susmangodfrey.com>; msiegmund <msiegmund@cjsjlaw.com>; Grubbs, Deborah <DGrubbs@wsgr.com>; Browder, Sissel <sbrowder@wsgr.com>; Margo, Ben <bmargo@wsgr.com>; Wang, Jing (SF Associate) <jing.wang@wsgr.com>; Pierce, Naomi <npierce@wsgr.com>; Arenas, G. Grace <garenas@wsgr.com>; Davidson, Nancy Fronda- <ndavidson@wsgr.com>
**Subject:** Re: Neural AI, LLC v. Nvidia Corporation (C.A. 7:24-cv-00221-ADA-DTG)

EXT - rmagni@susmangodfrey.com

---

We completely disagree. We have made every effort to reduce your burden. It is Google that has repeatedly made clear it intended to produce zero documents, making a request by request discussion completely futile (something I inquired about on one of our first meet and confers). We offered a declaration to ease your burden and offered to narrow all requests only to the scope of documents sufficient to show the information in the template. So it is inaccurate to suggest that we never offered to narrow the scope of the requests. You are free to moot our motion at any time. Thanks.

--
Rocco F. Magni
Partner | Susman Godfrey LLP
Office: 713.653.7861
Cell: 512.514.3519
Firm Bio
This e-mail may contain privileged and confidential information. If you received this message in error, please notify the sender and delete it immediately.

---

**From:** Jaffe, Jordan <jjaffe@wsgr.com>
**Date:** Tuesday, August 18, 2026 at 1:53 PM
**To:** Tanner Laiche <TLaiche@susmangodfrey.com>; Rocco Magni <RMagni@susmangodfrey.com>; Desai, Neil <ndesai@wsgr.com>
**Cc:** McKone, Mercedes <mmckone@wsgr.com>; Max Tribble <MTRIBBLE@SusmanGodfrey.com>; Brian Melton <BMelton@SusmanGodfrey.com>; Samuel Drezdzon <SDrezdzon@susmangodfrey.com>; max@ciccarellilawfirm.com <max@ciccarellilawfirm.com>; Tamar Lusztig <TLusztig@susmangodfrey.com>; Emily Portuguese <EPortuguese@susmangodfrey.com>; msiegmund <msiegmund@cjsjlaw.com>; Grubbs, Deborah <DGrubbs@wsgr.com>; Browder, Sissel <sbrowder@wsgr.com>; Margo, Ben <bmargo@wsgr.com>; Wang, Jing (SF Associate) <jing.wang@wsgr.com>; Pierce, Naomi <npierce@wsgr.com>; Arenas, G. Grace <garenas@wsgr.com>; Davidson, Nancy Fronda- <ndavidson@wsgr.com>
**Subject:** RE: Neural AI, LLC v. Nvidia Corporation (C.A. 7:24-cv-00221-ADA-DTG)
EXTERNAL Email

Tanner,

I write in response to your emails from earlier today.

***First***, as you know, Google offered a follow up meet and confer last week. Google received no response until this past weekend. Google then followed up Monday morning and met and conferred the same day, asking specific a question of Neural AI regarding paragraph 11 of the proposed declaration. Neural AI did not substantively respond until 12:03 pm Central today (August 18) with a ***revised*** declaration that Google has never seen before, and a new position regarding document production in the alternative. In that same email, Neural AI states "we intend to file a motion solely to preserve our rights and avoid any potential waiver of discovery from Google." Needless to say, Google and Neural AI have not met and conferred regarding Neural AI's latest positions and revised declaration. Assuming that Neural AI intends to file its motion in the Western District of Texas, which Google does not concede is proper as stated in its subpoena objections, Neural AI anticipated motion is not compliant with the local rules. Specifically:

> **Conference Required**. The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made. If there is any ambiguity about whether a motion is dispositive or nondispositive, the parties should confer. Movants are encouraged to indicate in the title of the motion whether the motion is opposed. A motion is unopposed only if there has

been an actual conference with opposing counsel and there is no opposition to any of the relief requested in the motion.

To the extent that Neural AI states that "the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made" in its motion, that is simply not true. How could we have met and conferred regarding a revised declaration and position we only received hours before filing? The timing is also entirely of Neural AI's own making because it did not timely respond to Google's offers to meet and confer last week. Google reserves all rights to raise this issue in opposition or otherwise.

***Second***, as Google has consistently noted, Neural AI has entirely failed to narrow the scope of any of its document requests or subpoena topics. We have not discussed any of the specific requests or topics at any point. Instead, Neural AI has chosen to focus on a form declaration, of which it only provided a revised version earlier today. At this juncture, Google is not aware of what specific document requests or deposition topics Neural AI is seeking to compel, and at what scope. This is further evidence that any motion to compel would be a violation of WDTX local rules.

In addition, as Google has repeatedly explained, the scope of Neural AI's current subpoena requests is vastly overbroad and not proportional to the needs of the case. To date, Neural AI has not responded to any of Google's objections, taken up Google's offer to meet and confer on them in the context of any specific request or topic, or addressed Judge Gilliland's order finding its subpoena requests to Dell overbroad in many respects.

Accordingly, by filing a motion on this record, Neural AI has not taken reasonable steps to avoid imposing undue burden or expense on Google as the subject of the subpoena. This is a violation of FRCP 45(d)(1). Google reserves all rights.

Best regards,

**Jordan R. Jaffe | Partner | Wilson Sonsini Goodrich & Rosati**
One Market Plaza, Spear Tower, Suite 3300 | San Francisco, CA 94105
415.498.0556 | jjaffe@wsgr.com | LinkedIn

---

**From:** Tanner Laiche <TLaiche@susmangodfrey.com>
**Sent:** Tuesday, August 18, 2026 10:02 AM
**To:** Jaffe, Jordan <jjaffe@wsgr.com>; Rocco Magni <RMagni@susmangodfrey.com>; Desai, Neil <ndesai@wsgr.com>
**Cc:** McKone, Mercedes <mmckone@wsgr.com>; Max Tribble <MTRIBBLE@SusmanGodfrey.com>; Brian Melton <BMelton@SusmanGodfrey.com>; Samuel Drezdzon <SDrezdzon@susmangodfrey.com>; max@ciccarellilawfirm.com; Tamar Lusztig <TLusztig@susmangodfrey.com>; Emily Portuguese <EPortuguese@susmangodfrey.com>; msiegmund <msiegmund@cjsjlaw.com>; Grubbs, Deborah <DGrubbs@wsgr.com>; Browder, Sissel <sbrowder@wsgr.com>; Margo, Ben <bmargo@wsgr.com>; Wang, Jing (SF Associate) <jing.wang@wsgr.com>; Pierce, Naomi <npierce@wsgr.com>; Arenas, G. Grace <garenas@wsgr.com>; Davidson, Nancy Fronda- <ndavidson@wsgr.com>
**Subject:** Re: Neural AI, LLC v. Nvidia Corporation (C.A. 7:24-cv-00221-ADA-DTG)

EXT - tlaiche@susmangodfrey.com

---

Counsel,

Following up on our discussion yesterday, please see the attached revised declaration addressing Paragraph 11, which we believe accurately reflects Google's operations.

To reduce the burden on Google, NAI is willing to consider Google's discovery obligations satisfied if Google either (1) executes a revised declaration addressing the issues identified in the attached draft without material gaps, or (2) produces documents sufficient to establish each of those issues. We are, of course, happy to discuss any further revisions Google believes are necessary to ensure the declaration is accurate while still addressing the material issues underlying NAI's requests.

Regards,

**Tanner Laiche**
**Susman Godfrey LLP**
206.505.3816 | tlaiche@susmangodfrey.com
401 Union Street | Suite 3000 | Seattle, WA 98101
**HOUSTON • LOS ANGELES • SEATTLE • NEW YORK**
This e-mail contains privileged and confidential information, which may be subject to the attorney-client privilege and/or attorney work product protection. If you received this message in error, please notify the sender and delete it immediately.

---

**From:** Tanner Laiche <TLaiche@susmangodfrey.com>
**Date:** Tuesday, August 18, 2026 at 5:07 AM
**To:** Jaffe, Jordan <jjaffe@wsgr.com>; Rocco Magni <RMagni@susmangodfrey.com>; Desai, Neil <ndesai@wsgr.com>
**Cc:** McKone, Mercedes <mmckone@wsgr.com>; Max Tribble <MTRIBBLE@SusmanGodfrey.com>; Brian Melton <BMelton@SusmanGodfrey.com>; Samuel Drezdzon <SDrezdzon@susmangodfrey.com>; max@ciccarellilawfirm.com <max@ciccarellilawfirm.com>; Tamar Lusztig <TLusztig@susmangodfrey.com>; Emily Portuguese <EPortuguese@susmangodfrey.com>; msiegmund <msiegmund@cjsjlaw.com>; Grubbs, Deborah <DGrubbs@wsgr.com>; Browder, Sissel <sbrowder@wsgr.com>; Margo, Ben <bmargo@wsgr.com>; Wang, Jing (SF Associate) <jing.wang@wsgr.com>; Pierce, Naomi <npierce@wsgr.com>; Arenas, G. Grace <garenas@wsgr.com>; Davidson, Nancy Fronda- <ndavidson@wsgr.com>
**Subject:** Re: Neural AI, LLC v. Nvidia Corporation (C.A. 7:24-cv-00221-ADA-DTG)
Jordan,

Thanks for the call. After discussing internally, we are comfortable with language stating that, in conjunction with Paragraph 11 regarding various forms of shared memory, Google uses a CPU to initiate model inference and/or uses a CPU to pass input data to and interact with the ML model running on the GPU.

Given today's deadline, we intend to file a motion solely to preserve our rights and avoid any potential waiver of discovery from Google. We will continue working with Google toward a resolution and will promptly withdraw the motion if the parties are able to resolve the subpoena discovery.

Regards,

**Tanner Laiche**
**Susman Godfrey LLP**
206.505.3816 | tlaiche@susmangodfrey.com
401 Union Street | Suite 3000 | Seattle, WA 98101
**HOUSTON • LOS ANGELES • SEATTLE • NEW YORK**
This e-mail contains privileged and confidential information, which may be subject to the attorney-client privilege and/or attorney work product protection. If you received this message in error, please notify the sender and delete it immediately.

**From:** Jaffe, Jordan <jjaffe@wsgr.com>
**Date:** Monday, August 17, 2026 at 10:50 AM
**To:** Tanner Laiche <TLaiche@susmangodfrey.com>; Rocco Magni <RMagni@susmangodfrey.com>; Desai, Neil <ndesai@wsgr.com>
**Cc:** McKone, Mercedes <mmckone@wsgr.com>; Max Tribble <MTRIBBLE@SusmanGodfrey.com>; Brian Melton <BMelton@SusmanGodfrey.com>; Samuel Drezdzon <SDrezdzon@susmangodfrey.com>; max@ciccarellilawfirm.com <max@ciccarellilawfirm.com>; Tamar Lusztig <TLusztig@susmangodfrey.com>; Emily Portuguese <EPortuguese@susmangodfrey.com>; msiegmund <msiegmund@cjsjlaw.com>; Grubbs, Deborah <DGrubbs@wsgr.com>; Browder, Sissel <sbrowder@wsgr.com>; Margo, Ben <bmargo@wsgr.com>; Wang, Jing (SF Associate) <jing.wang@wsgr.com>; Pierce, Naomi <npierce@wsgr.com>; Arenas, G. Grace <garenas@wsgr.com>; Davidson, Nancy Fronda- <ndavidson@wsgr.com>
**Subject:** RE: Neural AI, LLC v. Nvidia Corporation (C.A. 7:24-cv-00221-ADA-DTG)
EXTERNAL Email
Tanner,

I can do 4:30 pm PT. Please send an invite if that works for you.

Best regards,

**Jordan R. Jaffe | Partner | Wilson Sonsini Goodrich & Rosati**
One Market Plaza, Spear Tower, Suite 3300 | San Francisco, CA 94105
415.498.0556 | jjaffe@wsgr.com | LinkedIn

---

**From:** Tanner Laiche <TLaiche@susmangodfrey.com>
**Sent:** Sunday, August 16, 2026 3:06 PM
**To:** Jaffe, Jordan <jjaffe@wsgr.com>; Rocco Magni <RMagni@susmangodfrey.com>; Desai, Neil <ndesai@wsgr.com>
**Cc:** McKone, Mercedes <mmckone@wsgr.com>; Max Tribble <MTRIBBLE@SusmanGodfrey.com>; Brian Melton <BMelton@SusmanGodfrey.com>; Samuel Drezdzon <SDrezdzon@susmangodfrey.com>; max@ciccarellilawfirm.com; Tamar Lusztig <TLusztig@susmangodfrey.com>; Emily Portuguese <EPortuguese@susmangodfrey.com>; msiegmund <msiegmund@cjsjlaw.com>; Grubbs, Deborah <DGrubbs@wsgr.com>; Browder, Sissel <sbrowder@wsgr.com>; Margo, Ben <bmargo@wsgr.com>; Wang, Jing (SF Associate) <jing.wang@wsgr.com>; Pierce, Naomi <npierce@wsgr.com>; Arenas, G. Grace <garenas@wsgr.com>; Davidson, Nancy Fronda- <ndavidson@wsgr.com>
**Subject:** Re: Neural AI, LLC v. Nvidia Corporation (C.A. 7:24-cv-00221-ADA-DTG)

EXT - tlaiche@susmangodfrey.com

---

Counsel,

Apologies for the delayed response—I was in depositions last week. I am available tomorrow after 2:00 pm PT. Please let me know if a time in that window works for you.

Thanks,

**Tanner Laiche**
**Susman Godfrey LLP**

206.505.3816 | tlaiche@susmangodfrey.com
401 Union Street | Suite 3000 | Seattle, WA 98101
**HOUSTON • LOS ANGELES • SEATTLE • NEW YORK**
This e-mail contains privileged and confidential information, which may be subject to the attorney-client privilege and/or attorney work product protection. If you received this message in error, please notify the sender and delete it immediately.

---

**From:** Jaffe, Jordan <jjaffe@wsgr.com>
**Date:** Thursday, August 13, 2026 at 3:39 PM
**To:** Tanner Laiche <TLaiche@susmangodfrey.com>; Rocco Magni <RMagni@susmangodfrey.com>; Desai, Neil <ndesai@wsgr.com>
**Cc:** McKone, Mercedes <mmckone@wsgr.com>; Max Tribble <MTRIBBLE@SusmanGodfrey.com>; Brian Melton <BMelton@SusmanGodfrey.com>; Samuel Drezdzon <SDrezdzon@susmangodfrey.com>; max@ciccarellilawfirm.com <max@ciccarellilawfirm.com>; Tamar Lusztig <TLusztig@susmangodfrey.com>; Emily Portuguese <EPortuguese@susmangodfrey.com>; msiegmund <msiegmund@cjsjlaw.com>; Grubbs, Deborah <DGrubbs@wsgr.com>; Browder, Sissel <sbrowder@wsgr.com>; Margo, Ben <bmargo@wsgr.com>; Wang, Jing (SF Associate) <jing.wang@wsgr.com>; Pierce, Naomi <npierce@wsgr.com>; Arenas, G. Grace <garenas@wsgr.com>; Davidson, Nancy Fronda- <ndavidson@wsgr.com>
**Subject:** RE: Neural AI, LLC v. Nvidia Corporation (C.A. 7:24-cv-00221-ADA-DTG)
EXTERNAL Email
Tanner,

We have an update on our end. Please let us know if you're available to meet and confer tomorrow. We can be between 9am and noon PT. Alternatively, if easier, I'm available this afternoon between now and 5:30 pm pt.

Best regards,

**Jordan R. Jaffe | Partner | Wilson Sonsini Goodrich & Rosati**
One Market Plaza, Spear Tower, Suite 3300 | San Francisco, CA 94105
415.498.0556 | jjaffe@wsgr.com | LinkedIn

---

**From:** Tanner Laiche <TLaiche@susmangodfrey.com>
**Sent:** Tuesday, August 11, 2026 9:48 AM
**To:** Jaffe, Jordan <jjaffe@wsgr.com>; Rocco Magni <RMagni@susmangodfrey.com>; Desai, Neil <ndesai@wsgr.com>
**Cc:** McKone, Mercedes <mmckone@wsgr.com>; Max Tribble <MTRIBBLE@SusmanGodfrey.com>; Brian Melton <BMelton@SusmanGodfrey.com>; Samuel Drezdzon <SDrezdzon@susmangodfrey.com>; max@ciccarellilawfirm.com; Tamar Lusztig <TLusztig@susmangodfrey.com>; Emily Portuguese <EPortuguese@susmangodfrey.com>; msiegmund <msiegmund@cjsjlaw.com>; Grubbs, Deborah <DGrubbs@wsgr.com>; Browder, Sissel <sbrowder@wsgr.com>; Margo, Ben <bmargo@wsgr.com>; Wang, Jing (SF Associate) <jing.wang@wsgr.com>; Pierce, Naomi <npierce@wsgr.com>; Arenas, G. Grace <garenas@wsgr.com>; Davidson, Nancy Fronda- <ndavidson@wsgr.com>
**Subject:** Re: Neural AI, LLC v. Nvidia Corporation (C.A. 7:24-cv-00221-ADA-DTG)

EXT - tlaiche@susmangodfrey.com

---

Counsel,

Thank you for your email.

As an update, NVIDIA has agreed to extend Neural AI's deadline to file third-party discovery motions through August 18. We would like to use that additional time to try to resolve the outstanding issues.

We appreciate Google's continued investigation. As previously discussed, we sent you a proposed declaration that we believe could provide a basis to resolve the subpoenas. Please send us any proposed edits to the declaration as soon as possible so that we can evaluate whether the declaration, as revised, would address the information sought by the subpoenas and avoid the need for additional discovery. To that end, we would appreciate the opportunity to review any proposed revisions before the declaration is finalized or executed.

Given the timing, we would appreciate receiving your edits promptly. If we are unable to reach a resolution before the August 18 deadline, Neural AI will need to file a motion to preserve its rights and avoid any argument that it waived the issue. That would not prevent the parties from continuing to work toward a resolution. If we subsequently reach an agreement that resolves the outstanding discovery, Neural AI would promptly withdraw the motion.

Regards,

**Tanner Laiche**
**Susman Godfrey LLP**
206.505.3816 | tlaiche@susmangodfrey.com
401 Union Street | Suite 3000 | Seattle, WA 98101
**HOUSTON • LOS ANGELES • SEATTLE • NEW YORK**

---

**From:** Jaffe, Jordan <jjaffe@wsgr.com>
**Date:** Friday, August 7, 2026 at 9:22 AM
**To:** Tanner Laiche <TLaiche@susmangodfrey.com>; Rocco Magni <RMagni@susmangodfrey.com>; Desai, Neil <ndesai@wsgr.com>
**Cc:** McKone, Mercedes <mmckone@wsgr.com>; Max Tribble <MTRIBBLE@SusmanGodfrey.com>; Brian Melton <BMelton@SusmanGodfrey.com>; Samuel Drezdzon <SDrezdzon@susmangodfrey.com>; max@ciccarellilawfirm.com <max@ciccarellilawfirm.com>; Tamar Lusztig <TLusztig@susmangodfrey.com>; Emily Portuguese <EPortuguese@susmangodfrey.com>; msiegmund <msiegmund@cjsjlaw.com>; Grubbs, Deborah <DGrubbs@wsgr.com>; Browder, Sissel <sbrowder@wsgr.com>; Margo, Ben <bmargo@wsgr.com>; Wang, Jing (SF Associate) <jing.wang@wsgr.com>; Pierce, Naomi <npierce@wsgr.com>; Arenas, G. Grace <garenas@wsgr.com>; Davidson, Nancy Fronda- <ndavidson@wsgr.com>
**Subject:** RE: Neural AI, LLC v. Nvidia Corporation (C.A. 7:24-cv-00221-ADA-DTG)
EXTERNAL Email

Tanner,

Neural AI's counsel suggested during our meet and confer that the requests to Google were reasonable and directed to relevant evidence in view of Judge Gilland's comments regarding the Dell subpoena. Now Neural AI is saying that Google is "differently situated" than Dell. It is unclear why Neural AI brought up Judge Gilliland's comments if that is the case.

Thank you for confirming your agreement that a declaration would suffice to resolve Google's obligations under the subpoenas. We understand that you want to have some sense of what is in the declaration beforehand. We can work with that in mind.

Finally, on timing, Google's ability to investigate these topics has been hampered by Neural AI's continued failure to narrow the scope of any of its overbroad requests. In addition, Neural AI only provided its "questions" to Google on August 4. While Google continues to investigate these matters diligently, we may not have an update by 4:00 pm CT on Monday. We will provide an update as soon as we can next week.
Best regards,

**Jordan R. Jaffe | Partner | Wilson Sonsini Goodrich & Rosati**
One Market Plaza, Spear Tower, Suite 3300 | San Francisco, CA 94105
415.498.0556 | jjaffe@wsgr.com | LinkedIn

---

**From:** Tanner Laiche <TLaiche@susmangodfrey.com>
**Sent:** Thursday, August 6, 2026 1:09 PM
**To:** Jaffe, Jordan <jjaffe@wsgr.com>; Rocco Magni <RMagni@susmangodfrey.com>; Desai, Neil <ndesai@wsgr.com>
**Cc:** McKone, Mercedes <mmckone@wsgr.com>; Max Tribble <MTRIBBLE@SusmanGodfrey.com>; Brian Melton <BMelton@SusmanGodfrey.com>; Samuel Drezdzon <SDrezdzon@susmangodfrey.com>; max@ciccarellilawfirm.com; Tamar Lusztig <TLusztig@susmangodfrey.com>; Emily Portuguese <EPortuguese@susmangodfrey.com>; msiegmund <msiegmund@cjsjlaw.com>; Grubbs, Deborah <DGrubbs@wsgr.com>; Browder, Sissel <sbrowder@wsgr.com>; Margo, Ben <bmargo@wsgr.com>; Wang, Jing (SF Associate) <jing.wang@wsgr.com>; Pierce, Naomi <npierce@wsgr.com>; Arenas, G. Grace <garenas@wsgr.com>; Davidson, Nancy Fronda- <ndavidson@wsgr.com>
**Subject:** Re: Neural AI, LLC v. Nvidia Corporation (C.A. 7:24-cv-00221-ADA-DTG)

EXT - tlaiche@susmangodfrey.com

---

Counsel,

Dell was differently situated because it is principally a reseller of NVIDIA products. Google's own configurations and use of NVIDIA hardware and software are far more relevant to the infringement issues in this case.

The subpoena served on Dell is attached. I assume the transcript you referenced is from the September 8, 2025 discovery conference before Judge Gilliland where NVIDIA stated at the hearing that NAI must seek discovery from NVIDIA's customers to understand how NVIDIA's source code is configured and used. That hearing was sealed, so we cannot provide the actual transcript.

We appreciate that Google is investigating the topics addressed in the proposed declaration. We are willing to accept an appropriately complete declaration in lieu of document production and a deposition, but we cannot agree in advance that any declaration Google elects to provide—regardless of its scope or contents—will necessarily satisfy all of Google's obligations under the subpoenas. Once Google provides its proposed edits to the declaration I shared we can promptly assess whether it adequately addresses the relevant issues and eliminates the need for further discovery.

Given the August 11 fact-discovery deadline, however, an update sometime next week is insufficient. Please provide Google's proposed declaration, or at minimum a substantive update identifying what Google is prepared to address by 4:00 pm CT on Monday so the parties can determine whether motion practice can be avoided.

Regards,

**Tanner Laiche**
**Susman Godfrey LLP**
206.505.3816 | tlaiche@susmangodfrey.com
401 Union Street | Suite 3000 | Seattle, WA 98101
**HOUSTON • LOS ANGELES • SEATTLE • NEW YORK**

---

**From:** Jaffe, Jordan <jjaffe@wsgr.com>
**Date:** Thursday, August 6, 2026 at 9:03 AM
**To:** Tanner Laiche <TLaiche@susmangodfrey.com>; Rocco Magni <RMagni@susmangodfrey.com>; Desai, Neil <ndesai@wsgr.com>
**Cc:** McKone, Mercedes <mmckone@wsgr.com>; Max Tribble <MTRIBBLE@SusmanGodfrey.com>; Brian Melton <BMelton@SusmanGodfrey.com>; Samuel Drezdzon <SDrezdzon@susmangodfrey.com>; max@ciccarellilawfirm.com <max@ciccarellilawfirm.com>; Tamar Lusztig <TLusztig@susmangodfrey.com>; Emily Portuguese <EPortuguese@susmangodfrey.com>; msiegmund <msiegmund@cjsjlaw.com>; Grubbs, Deborah <DGrubbs@wsgr.com>; Browder, Sissel <sbrowder@wsgr.com>; Margo, Ben <bmargo@wsgr.com>; Wang, Jing (SF Associate) <jing.wang@wsgr.com>; Pierce, Naomi <npierce@wsgr.com>; Arenas, G. Grace <garenas@wsgr.com>; Davidson, Nancy Fronda- <ndavidson@wsgr.com>
**Subject:** RE: Neural AI, LLC v. Nvidia Corporation (C.A. 7:24-cv-00221-ADA-DTG)
EXTERNAL Email

Tanner,

Non-Party Google provided its objections on July 21, 2026. Those objections explained, among other things, how the subpoena requests and topics were overbroad, unduly burdensome and not proportional to the needs of the case. As things currently stand, Neural AI has not narrowed the scope of any of its requests. Instead, Neural AI has provided a "template" declaration and, yesterday August 4, provided additional "questions." These documents are similarly overbroad and unduly burdensome for a third party.

We also discussed on the last meet and confer providing a transcript from the hearing with Judge Gilliland and the subpoena to Dell. We have not received that, but instead noticed that Judge Gilliland issued an order yesterday rejected many of Neural AI's overbroad requests to Dell.

Despite this, Google is investigating the topics covered in the "template" declaration. Google may be able to provide a declaration within a more reasonable scope. Any declaration would be subject to an agreement that such a declaration satisfies all of Google's obligations under the subpoenas. That includes that Google will not be required to sit for a deposition. Please confirm.

We expect to have an update on the investigation next week. Given the above, we do not believe a motion to compel would be a productive use of resources.

We're available to meet and confer further if helpful.

Best regards,

**Jordan R. Jaffe | Partner | Wilson Sonsini Goodrich & Rosati**
One Market Plaza, Spear Tower, Suite 3300 | San Francisco, CA 94105
415.498.0556 | jjaffe@wsgr.com | LinkedIn

---

**From:** Tanner Laiche <TLaiche@susmangodfrey.com>
**Sent:** Tuesday, August 4, 2026 11:27 AM

**To:** Rocco Magni <RMagni@susmangodfrey.com>; Jaffe, Jordan <jjaffe@wsgr.com>; Desai, Neil <ndesai@wsgr.com>
**Cc:** McKone, Mercedes <mmckone@wsgr.com>; Max Tribble <MTRIBBLE@SusmanGodfrey.com>; Brian Melton <BMelton@SusmanGodfrey.com>; Samuel Drezdzon <SDrezdzon@susmangodfrey.com>; max@ciccarellilawfirm.com; Tamar Lusztig <TLusztig@susmangodfrey.com>; Emily Portuguese <EPortuguese@susmangodfrey.com>; msiegmund <msiegmund@cjsjlaw.com>; Grubbs, Deborah <DGrubbs@wsgr.com>; Browder, Sissel <sbrowder@wsgr.com>; Margo, Ben <bmargo@wsgr.com>; Wang, Jing (SF Associate) <jing.wang@wsgr.com>; Pierce, Naomi <npierce@wsgr.com>; Arenas, G. Grace <garenas@wsgr.com>; Davidson, Nancy Fronda- <ndavidson@wsgr.com>
**Subject:** Re: Neural AI, LLC v. Nvidia Corporation (C.A. 7:24-cv-00221-ADA-DTG)

EXT - tlaiche@susmangodfrey.com

---

Counsel,

I am following up on this thread.

Despite the parties' prior meet-and-confers, document discovery in the underlying action closes on August 11. Unless the parties can promptly reach a resolution, that deadline leaves Neural AI no practical alternative but to move to compel by the end of this week or, at the latest, August 10, to preserve its rights.

To reduce burden and potentially avoid motion practice, I am attaching a set of questions intended to guide your investigation and help identify the responsive information, and also recirculating the draft declaration we previously shared, and that Google may revise to ensure its accuracy.

If Google commits to provide an executed declaration, Neural AI is willing to consider accepting the declaration in lieu of further document production and/or deposition testimony, subject to resolving any material gaps. Otherwise, the discovery deadline will force Neural AI to move to compel by or before August 10 to preserve its rights. Even if a motion becomes necessary, we remain open to resolving the issues promptly and mooting or withdrawing the motion through compliance.

We are available this week to further meet and confer as necessary.

Regards,

**Tanner Laiche**
**Susman Godfrey LLP**
206.505.3816 | tlaiche@susmangodfrey.com
401 Union Street | Suite 3000 | Seattle, WA 98101
**HOUSTON • LOS ANGELES • SEATTLE • NEW YORK**

---

**From:** Rocco Magni <RMagni@susmangodfrey.com>
**Date:** Tuesday, July 28, 2026 at 4:29 PM
**To:** Jaffe, Jordan <jjaffe@wsgr.com>; Desai, Neil <ndesai@wsgr.com>
**Cc:** McKone, Mercedes <mmckone@wsgr.com>; Max Tribble <MTRIBBLE@SusmanGodfrey.com>; Brian Melton <BMelton@SusmanGodfrey.com>; Samuel Drezdzon <SDrezdzon@susmangodfrey.com>; Tanner Laiche <TLaiche@susmangodfrey.com>; max@ciccarellilawfirm.com <max@ciccarellilawfirm.com>; Tamar Lusztig <TLusztig@susmangodfrey.com>; Emily Portuguese <EPortuguese@susmangodfrey.com>; msiegmund

<msiegmund@cjsjlaw.com>; Grubbs, Deborah <DGrubbs@wsgr.com>; Browder, Sissel <sbrowder@wsgr.com>; Margo, Ben <bmargo@wsgr.com>; Wang, Jing (SF Associate) <jing.wang@wsgr.com>; Pierce, Naomi <npierce@wsgr.com>; Arenas, G. Grace <garenas@wsgr.com>; Davidson, Nancy Fronda- <ndavidson@wsgr.com>
**Subject:** Re: Neural AI, LLC v. Nvidia Corporation (C.A. 7:24-cv-00221-ADA-DTG)
Jordan,

Please see attached template. Could we talk at 9:30 instead? I have another meeting at 10 now.

Thanks very much.

--
Rocco F. Magni
Partner | Susman Godfrey LLP
Office: 713.653.7861
Cell: 512.514.3519
**Firm Bio**
This e-mail may contain privileged and confidential information. If you received this message in error, please notify the sender and delete it immediately.

---

**From:** Jaffe, Jordan <jjaffe@wsgr.com>
**Date:** Monday, July 27, 2026 at 2:42 PM
**To:** Rocco Magni <RMagni@susmangodfrey.com>; Desai, Neil <ndesai@wsgr.com>
**Cc:** McKone, Mercedes <mmckone@wsgr.com>; Max Tribble <MTRIBBLE@SusmanGodfrey.com>; Brian Melton <BMelton@SusmanGodfrey.com>; Samuel Drezdzon <SDrezdzon@susmangodfrey.com>; Tanner Laiche <TLaiche@susmangodfrey.com>; max@ciccarellilawfirm.com <max@ciccarellilawfirm.com>; Tamar Lusztig <TLusztig@susmangodfrey.com>; Emily Portuguese <EPortuguese@susmangodfrey.com>; msiegmund <msiegmund@cjsjlaw.com>; Grubbs, Deborah <DGrubbs@wsgr.com>; Browder, Sissel <sbrowder@wsgr.com>; Margo, Ben <bmargo@wsgr.com>; Wang, Jing (SF Associate) <jing.wang@wsgr.com>; Pierce, Naomi <npierce@wsgr.com>; Arenas, G. Grace <garenas@wsgr.com>; Davidson, Nancy Fronda- <ndavidson@wsgr.com>
**Subject:** RE: Neural AI, LLC v. Nvidia Corporation (C.A. 7:24-cv-00221-ADA-DTG)
EXTERNAL Email
Rocco et al.,

Thanks for speaking with us last Friday. As discussed, we are waiting on you all to send over a list of questions for our client and/or template declaration for us to review. We will plan to reconvene Friday at 10AM PT to discuss further.

Best regards,

**Jordan R. Jaffe | Partner | Wilson Sonsini Goodrich & Rosati**
One Market Plaza, Spear Tower, Suite 3300 | San Francisco, CA 94105
415.498.0556 | jjaffe@wsgr.com | LinkedIn

---

**From:** Rocco Magni <RMagni@susmangodfrey.com>
**Sent:** Wednesday, July 22, 2026 4:18 AM
**To:** Desai, Neil <ndesai@wsgr.com>

**Cc:** McKone, Mercedes <mmckone@wsgr.com>; Max Tribble <MTRIBBLE@SusmanGodfrey.com>; Brian Melton <BMelton@SusmanGodfrey.com>; Samuel Drezdzon <SDrezdzon@susmangodfrey.com>; Tanner Laiche <TLaiche@susmangodfrey.com>; max@ciccarellilawfirm.com; Tamar Lusztig <TLusztig@susmangodfrey.com>; Emily Portuguese <EPortuguese@susmangodfrey.com>; msiegmund <msiegmund@cjsjlaw.com>; Jaffe, Jordan <jjaffe@wsgr.com>; Grubbs, Deborah <DGrubbs@wsgr.com>; Browder, Sissel <sbrowder@wsgr.com>; Margo, Ben <bmargo@wsgr.com>; Pierce, Naomi <npierce@wsgr.com>; Arenas, G. Grace <garenas@wsgr.com>; Davidson, Nancy Fronda- <ndavidson@wsgr.com>
**Subject:** Re: Neural AI, LLC v. Nvidia Corporation (C.A. 7:24-cv-00221-ADA-DTG)

EXT - rmagni@susmangodfrey.com

---

That works. Thanks.
--
Rocco F. Magni
Partner | Susman Godfrey LLP
Office: 713.653.7861
Cell: 512.514.3519

**Firm Bio**

This e-mail may contain privileged and confidential information. If you received this message in error, please notify the sender and delete it immediately.

On Jul 21, 2026, at 11:54 PM, Desai, Neil <ndesai@wsgr.com> wrote:

EXTERNAL Email
Rocco,

How about Friday at 11 am PT?

**Neil Desai | Wilson Sonsini**
T 323.210.2912 | ndesai@wsgr.com

---

**From:** Rocco Magni <RMagni@susmangodfrey.com>
**Sent:** Tuesday, July 21, 2026 2:15 PM
**To:** McKone, Mercedes <mmckone@wsgr.com>
**Cc:** Max Tribble <MTRIBBLE@SusmanGodfrey.com>; Brian Melton <BMelton@SusmanGodfrey.com>; Samuel Drezdzon <SDrezdzon@susmangodfrey.com>; Tanner Laiche <TLaiche@susmangodfrey.com>; max@ciccarellilawfirm.com; Tamar Lusztig <TLusztig@susmangodfrey.com>; Emily Portuguese <EPortuguese@susmangodfrey.com>; msiegmund <msiegmund@cjsjlaw.com>; Jaffe, Jordan <jjaffe@wsgr.com>; Desai, Neil <ndesai@wsgr.com>; Grubbs, Deborah <DGrubbs@wsgr.com>; Browder, Sissel <sbrowder@wsgr.com>; Margo, Ben <bmargo@wsgr.com>; Pierce, Naomi <npierce@wsgr.com>; Arenas, G. Grace <garenas@wsgr.com>; Davidson, Nancy Fronda- <ndavidson@wsgr.com>
**Subject:** Re: Neural AI, LLC v. Nvidia Corporation (C.A. 7:24-cv-00221-ADA-DTG)

EXT - rmagni@susmangodfrey.com

---

Please provide times Friday to meet and confer. Thanks.
--
Rocco F. Magni
Partner | Susman Godfrey LLP
Office: 713.653.7861
Cell: 512.514.3519

**Firm Bio**

This e-mail may contain privileged and confidential information. If you received this message in error, please notify the sender and delete it immediately.

On Jul 21, 2026, at 5:13 PM, McKone, Mercedes <mmckone@wsgr.com> wrote:

EXTERNAL Email
Counsel:

Please see the attached for electronic service.

Thank you.

<image001.png>

**Mercedes N. McKone | Executive Assistant | Wilson Sonsini Goodrich & Rosati**
12235 El Camino Real | San Diego, CA 92130 | direct: 858.350.2217 | mmckone@wsgr.com

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.
<2026-07-21 Responses and Objections to Deposition Subpoena.pdf>
<2026-07-21 Responses and Objections to Document Subpoena.pdf>

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the

intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments

thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.